## CONTINENTAL STATE BANK OF BECKVILLE v. MAILANDER. (No. 279.)

(Court of Civil Appeals of Texas. Waco. Nov. 5, 1925.)

**1. Venue  &#9737;&#8658;7—"Part of cause of action" arises where contract with private corporation made; "cause of action."**

Under Rev. St. art. 1830, subd. 24, as to venue of suits against private corporations, term "cause of action," as applied to a breach of contract, consists of contract and its breach, and right and injury arising therefrom; and a "part of cause of action" arises in county in which contract is made.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cause of Action.]

**2. Venue  &#9737;&#8658;7—A contract is made at the place where an offer is accepted.**

A contract is made at the place where an offer is accepted.

**3. Venue  &#9737;&#8658;7—Cause of action or part thereof for breach of contract to install bank fixtures held to arise in county of defendant's residence.**

Where contract for installation of bank fixtures was made by correspondence, acceptance completing contract *held* made by defendant banking corporation in county of its residence, so that "cause of action or part thereof" for breach of such contract, within Rev. St. art. 1830, subd. 24, arose there.

Appeal from McLennan County Court; Jas. R. Jenkins, Judge.

Action by Fred Mailander against the Continental State Bank of Beckville. From an order overruling defendant's plea of privi-

lege, defendant appeals. Reversed and rendered.

Williams, Williams, McClellan & Lincoln, of Waco, for appellant.

Sleeper, Boynton & Kendall, of Waco, for appellee.

STANFORD, J. This suit was instituted by Fred Mailander, a resident of McLennan county, in the county court of said county against the Continental State Bank of Beckville, a private banking corporation residing in Panola county, Tex., to recover, on a contract, $319.05 for labor and material in rearranging certain bank fixtures for said bank in Panola county. Appellant filed a plea of privilege, in proper form, to be sued in Panola county. Appellee filed a controverting affidavit, alleging the suit was properly brought in McLennan county, because the suit is against a private corporation, in which the cause of action, or a part thereof, arose in McLennan county, in that the contract made the basis of the suit was made in McLennan county, and that the same is therefore within the provisions of subdivision 24 of article 1830, Revised Statutes. The court, after hearing the evidence, overruled the plea of privilege, and the appeal is from that order. The contract was made by correspondence, the material part of which will be hereafter stated.

### Opinion.

[1, 2] Subdivision 24 of article 1830 authorizes suits against private corporations to be brought "in any county in which the cause of action, or a part thereof, arose." The term "cause of action" used in this section, as applied to a breach of contract, consists of the contract and its breach, and the right and the injury arising out of said contract and its breach. Houston & T. C. Ry. Co. v. Hill, 63 Tex. 381, 51 Am. Rep. 642; Western Wool Com. Co. v. Hart (Tex. Sup.) 20 S. W. 131; Cuero Cotton Oil & Mfg. Co. v. Feeders Supply Co. (Tex. Civ. App.) 203 S. W. 80; Dallas Waste Mills v. Early-Foster Co. (Tex. Civ. App.) 218 S. W. 515; Early-Foster Co. v. A. P. Moore's Sons, Inc. (Tex. Civ. App.) 230 S. W. 787. It is held also by the above authorities that "a part" of the cause of action, within the meaning of section 24, article 1830, arises in the county in which the contract is made in causes of action arising out of a breach of contract. Under well-established rules of law a contract is made at the place where an offer is accepted. 1 Elliott on Contracts, § 62; also cases cited above. The contract in this case was made by correspondence, and consisted of an offer on one side and an acceptance on the other, so the only question involved in this appeal is, Was the acceptance completing the contract made by appellant in Panola county or by appellee in McLennan county?

In the first letter from appellant to appellee, of date May 13, 1924, it will be observed there is no offer or proposition made by appellant. This letter was intended, it seems, to inform appellee that a rearrangement of the bank's fixtures was desired, giving the reasons why desired, and with a view of securing appellee's assistance in working out the most advantageous arrangement. In appellee's reply, dated May 15th, appellee says:

"We hope that there is enough material there to make the change. If so, it would not be a very difficult matter, and the best way to handle it would be on 'cost plus basis.' * * * We will be very glad to assist you in this matter, and will handle same just as economically as we possibly can."

This letter makes an offer to do the work, and also states the terms, to wit, "cost plus." The remainder of the letter discusses the character of changes that might be made and when appellee could begin, etc. Appellant's letter in reply to above, of date May 19th, expresses disapproval of the changes suggested by appellee, and suggests other changes, but does not refer to the terms on which appellee offered to do the work. Appellee's letter of May 23d, in reply to above, approves the character of changes suggested by appellant, and says, "And will be best to handle as outlined in our letter," evidently meaning on the "cost plus" basis, and closes by saying, "Whenever you decide to have this done, let us know," etc. In appellant's reply to above, of date May 25th, appellant says:

"I have yours of the 23d inst., and note you think my suggestion as to arrangement of our fixtures is practical, and that you can send your man when we are ready to make the alterations. The sooner the better; and I would suggest that you send him at your earliest convenience," etc.

[3] It is evident from this correspondence that appellant never made any proposition to appellee, and made no statement that could be by appellee construed as a proposition and accepted, and thereby constitute a contract. It is equally evident that in the first letter written by appellee to appellant appellee offered to do the work on a "cost plus basis," and that this offer was never withdrawn by appellee, and that as soon as the character of rearrangement was decided upon, appellant, in Panola county, accepted appellee's offer to do the work on a cost plus basis, thus closing the contract in Panola county and not in McLennan county. The county court erred in refusing to sustain the plea of privilege. The judgment of the trial court is reversed, and judgment is here rendered sustaining appellant's plea of privilege, and directing the county court of McLennan county to transfer said cause to the proper court in Panola county.