**SOUTHLAND COTTON OIL CO. v. GUITAR.**
(No. 398.)

Court of Civil Appeals of Texas. Eastland.
Feb. 3, 1928.

Rehearing Denied March 2, 1928.

**1. Corporations ⬅503(1)—Unless contract was negotiated in county of forum, or to be performed there, defendant corporation sued thereon could assert privilege.**

If contract was negotiated in county of forum, cause of action arose there in part and venue lies in that county as against defendant corporation residing in another county, but if contract is neither made nor to be performed in county of forum, corporation is entitled to be sued in county of its residence.

**2. Venue ⬅7—Contract entered into by telephone is made at location of party accepting proposal, as regards venue.**

Place where contract was made, for purpose of determining venue of cause of action on contract, is place where it is accepted, and, in case negotiations are over long-distance telephone, contract is made at place where party accepting proposal is located at the time of the acceptance.

**3. Venue ⬅7—Contract for sale, as regards venue, held entered into at place where defendant's agent, by telephone, assented to broker's proposal, not where plaintiff received broker's statement of transaction.**

Where plaintiff authorized broker to sell specified amount of cotton-seed cake at stated price, and broker entered into agreement with defendant's agent for purchase thereof by long-distance telephone conversation, by which proposal was accepted by agent and details of trade agreed to, contract was entered into at place where defendant's agent accepted the offer, for purpose of determining right of defendant corporation to be sued in county of its residence, and not a place where plaintiff was subsequently informed by telephone relative to details of sale.

Appeal from District Court, Taylor County; N. S. Long, Judge.

Suit by John Guitar against the Southland Cotton Oil Company. Defendant's plea of privilege was overruled. From a judgment rendered for plaintiff, defendant appeals. Reversed and remanded, with instructions.

Sayles & Sayles, of Abilene, for appellant.
Kirby, King & Overshiner, of Abilene, for appellee.

PANNILL, J. The appellee's suit was to recover damages from the appellant for the breach of a contract for the sale of certain cotton-seed cake, alleged to have been sold by the appellee to appellant. The latter is a corporation residing in Lamar county and in due form pleaded its privilege to be sued in the county last named. A controverting plea was filed by the appellee, asserting venue

in Taylor county by reason of the facts alleged; that appellant is a corporation, and that the contract was made in the county of the forum, and that, therefore, appellee's cause of action in part arose in Taylor county, sustaining the venue as claimed. The court passed the plea of privilege and the controverting affidavit for trial with the main case, and upon the trial of the cause heard the evidence with respect to the plea, together with the merits. The plea was overruled, and on the merits judgment was for the plaintiff, resulting in this appeal.

A number of points are presented by appellant for reversal in addition to his complaint at the overruling of his plea of privilege, but inasmuch as we have concluded that the plea of privilege was improperly overruled, it will not be necessary to consider or discuss the other questions which relate solely to the trial on the merits.

The facts, in substance, surrounding the question of venue are that, as stated, appellant is a corporation residing in Lamar county; the contract for the sale of the cotton-seed cake in question was negotiated by J. M. Sansom, a broker residing in Dallas. Without previous knowledge or connection with appellant in any manner, said broker called the appellee, Guitar, at Abilene and solicited an offer from the appellee on cotton-seed cake, and the appellee authorized the broker to sell 300 tons of cracked cotton-seed cake in good, sound 100-pound bags, at a price of $36.50 per ton f. o. b. cars, Colorado, Tex., shipment of 100 tons last half of September, 1925, 100 tons first half of October, and 100 tons last half of October, 1925. It was shown without dispute that the broker was authorized by the appellee to sell this commodity in the quantities, for the price and on the terms named, to any buyer he might procure, and for his services in so doing he would, in case a purchaser was found, pay the broker the usual and customary commission. Acting under the authority thus conferred upon him, the broker called a Mr. Gill, agent of appellant, over long-distance telephone, Gill being at Paris and the broker at Dallas, and offered the cake to the appellant under the terms and conditions above set forth, and Gill, acting for appellant, agreed to take the commodity under those terms, and, after having so stated, inquired of the broker as to what rules would govern the trade and was informed by the broker that it would be subject to the Texas Cotton-seed Crushers' Association rules. To this proposal Gill assented and the broker thereupon issued a written memorandum of the same, showing the terms above stated, and mailed a copy thereof, one to appellant at Paris and the other to appellee at Colorado, Tex. Appellee admits that he expected the sale to be made subject to the association rules, while nothing was said about it in the conversation between

himself and the broker in the first conversation between them. It was further shown that after appellant's agent, Gill, accepted the offer made to him by the broker, and before the appellee had received the written confirmation, the broker called the appellee Guitar over long distance, the latter being at Abilene, and informed appellee of the sale made by him to appellant.

[1, 2] It would seem that the sole question to be determined, under the foregoing facts as to where the venue would lie, is, Was the contract entered into in Taylor county? This is the sole reliance of appellee as fixing the venue. Appellant being a corporation, if the contract was negotiated in Taylor county, this cause of action would in part arise there and venue would lie in that county. Dallas Waste Mills v. Early-Foster Co. (Tex. Civ. App.) 218 S. W. 515; Mangum v. Lane City Rice Milling Co. (Tex. Civ. App.) 95 S. W. 605; Cuero Cotton Oil & Mfg. Co. v. Feeders' Supply Co. (Tex. Civ. App.) 203 S. W. 79; N. Estrada, Inc., v. Terry (Tex. Civ. App.) 293 S. W. 286; Texas Farm Bureau Cotton Ass'n v. Lennox (Tex. Civ. App.) 257 S. W. 935.

[3] But on the other hand, if the contract was made in Lamar county, inasmuch as no part of it was to be performed in Taylor county, the appellant would be entitled to be sued in the county of its residence. The cases cited above plainly and clearly hold that a contract is made where it is accepted, and, in a case where the negotiations are over long distance, the contract is made where the party accepting the proposal is at the time thereof. Applying these rules to the facts stated above, it is clear that this contract was made in Lamar county. The appellee employed the broker to sell for him certain cotton-seed cake. Under the evidence detailed above, the broker made a proposition to Gill, agent of the appellant, and Gill accepted it at Paris. According to Gill's testimony, which is uncontradicted, and in fact corroborated by the testimony of the broker, the broker proposed to Gill the quantity, the price, the quality, the date of shipment, and the rule governing the trade, all of which was accepted by Gill just as proposed. Much reliance is placed by appellee upon his testimony concerning the second conversation over the telephone between the broker and appellee after the broker had negotiated the trade with appellant. It is true that appellee states that the broker made the proposition over the telephone as to Gill's proposition to the broker, and that he, appellee, accepted it, but we are unable to give this testimony the effect ascribed to it by the appellee. After the broker had made the proposition to appellant's agent and it had been accepted identically as proposed, the fact that the broker repeated the details of the trade to

appellee and that he likewise assented to it does not constitute a proposal by appellant to appellee and an acceptance by him. The contract had previously been closed, and as we construe the evidence both parties were bound by the conversation between the broker and the appellant's agent, Gill. It is true that when the appellant authorized the broker to sell the commodity, it does not appear that anything was said about the sale being made under the Texas Cotton-seed Crushers' Association rules. Although appellee was not a member of said association, it clearly appears from his testimony that most of his sales were made under these rules, and that he expected this one to be so consummated and made no objection when his agent reported what he had done. Even if the agent had not been previously authorized by the appellee to make the trade under the rules referred to, if he did so, and upon informing his principal of his action the latter did not object, the ratification would relate to and confirm the original transaction as made by the agent.

It is our conclusion that no part of appellee's cause of action arose in Taylor county, and that the plea of privilege should have been sustained. The judgment of the trial court is therefore reversed and remanded, with instructions to transfer the venue of this case to the district court of Lamar county, Tex., for a trial on its merits in the latter court.

Reversed and remanded, with instructions.