## UNION TRUST ESTATE v. ORR et al. (No. 400.)

Court of Civil Appeals of Texas. Eastland. Feb. 10, 1928.

1. Associations ⊜⇒20(1)—Corporations ⊜⇒ 503(1)—Joint-stock companies and business trusts ⊜⇒19—Cause of action for purpose of determining venue comprises every fact necessary to authorize judgment (Rev. St. 1925, art. 1995, subd. 23).

For purpose of determining where cause of action arises, under Rev. St. 1925, art. 1995, subd. 23, relating to venue of suits against corporations, associations, and joint-stock companies, cause of action comprises every fact which is necessary to be proved to authorize and support a judgment.

2. Insurance ⊜⇒811—Cause of action on beneficial interest certificate arose in part in county of holder's death permitting suit thereon in such county against unincorporated association (Rev. St. 1925, art. 1995, subd. 23).

Cause of action against unincorporated association to recover on beneficial interest certificate arose in part in county where holder of certificate died, and suit against association in such county was therefore proper, under Rev. St. 1925, art. 1995, subd. 23, as against defendant's plea of privilege.

**3. Insurance ☞811—Mutual benefit insurance organization operating under declaration of trust constitutes "unincorporated association" under venue statute (Rev. St. 1925, art. 1995, subd. 23).**

Mutual benefit insurance organization operating under declaration of trust and members thereof, charged with payment of claims of beneficiaries and levying of assessments on surviving members, constitutes "unincorporated association," within meaning of Rev. St. 1925, art. 1995, subd. 23, permitting suits against associations in county where cause of action arose.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Association.]

**4. Insurance ☞32—Statutory definition of life insurance company is exclusive (Rev. St. 1925, art. 4716).**

Rev. St. 1925, art. 4716, defining life insurance company, excludes any other definition in determining whether particular organization of persons or capital constitutes life insurance company.

**5. Insurance ☞811—Mutual benefit association operating under declaration of trust held not "life insurance company" within statute authorizing suit where policyholder or beneficiary resides (Rev. St. 1925, art. 1995, subd. 28).**

Mutual benefit association operating under declaration of trust and paying death benefits to beneficiaries of members by means of assessment on surviving members *held* not "life insurance company," within meaning of Rev. St. 1925, art. 1995, subd. 28, permitting suits on policy at place where policyholder or beneficiary resides, in view of article 4716, defining life insurance company as corporation doing business under charter involving payment of money conditioned on continuance or cessation of life or involving insurance for endowments or annuities.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Life Insurance Company.]

**6. Insurance ☞811—Evidence showing acceptance of certificate in county where suit thereon was brought held to sustain denial of privilege claimed by mutual benefit association (Rev. St. 1925, art. 1995, subd. 23).**

Where there were no findings of fact and no conclusions of law and no assignments attacking sufficiency of evidence as to place of acceptance of beneficial interest certificate, action of court in denying plea of privilege of mutual benefit association, sued on certificate, must be upheld, under Rev. St. 1925, art. 1995, subd. 23, where there was some evidence that certificate was accepted by deceased in county where suit was commenced, especially where death of certificate holder took place in same county.

Appeal from District Court, Haskell County; Bruce W. Bryant, Judge.

Suit by Eva May Orr and husband against the Union Trust Estate, in which defendant filed a plea of privilege, which was overruled. From a judgment for plaintiffs, defendant appeals. Affirmed.

H. R. Jones, of Haskell, for appellant.
Ratliff & Ratliff, of Haskell, for appellees.

LESLIE, J. Joined pro forma by her husband, Eva May Orr (plaintiff) instituted this suit in the district court of Haskell county, Tex., complaining of J. Sam Everett, Louis Wilson, W. O. Edgington, and J. C. Everett, who reside in Dallas county, Tex., alleging that they composed a firm under the name of the Union Trust Estate, and in the alternative that, if she was mistaken as to their constituting a firm or copartnership, then and in that event the Union Trust Estate was and is an unincorporated mutual aid insurance association writing life insurance under the assessment plan, and that said J. Sam Everett is the president, the said Louis Wilson vice president, W. O. Edgington secretary, and J. C. Everett treasurer thereof.

The defendants in due time filed a plea of privilege to be sued in Dallas county, Tex., the county of their residence. The plaintiff controverted this plea and sought to establish venue in Haskell county, Tex.

Plaintiff's petition, in substance, set out that: The defendants on September 3, 1926, issued to her father, William Reed Hester, a certificate of insurance, No. 17800, in consideration of his payment to them of membership fees, etc. That she was the daughter of said Hester and beneficiary in said certificate, which is denominated "certificate of beneficial interest." That her father died in Haskell county, Tex., January 16, 1927, at which time he was in good standing with the Union Trust Estate. The plaintiff then proceeds to declare with more particularity upon said "certificate of beneficial interest," and prayed for a judgment in the sum of $1,000. Plaintiff further alleged the acceptance by the deceased, Hester, of the certificate, and that the claim under the certificate had been made according to the terms thereof.

The defendants were operating under what is commonly known as a "declaration of trust," in which their chief duty was, upon the death of a certificate holder, to make a special assessment upon the surviving members of that class of certificate holders, collecting the sum of $1 from each and applying it to the payment of the sum to which the beneficiary in any such certificate was entitled upon the death of the holder thereof. This sufficiently indicates the scheme or character of insurance contemplated by the parties.

The plaintiff contends that the venue of this cause of action is conferred upon the district court of Haskell county, Tex., by reason of subdivisions 23 and 28 of article 1995,

Revised Civil Statutes of Texas 1925. Said subdivision 23 is as follows:

"Suits against a private corporation, association or joint-stock company may be brought in any county in which the cause of action, or a part thereof, arose," etc.

[1, 2] Much has been written on when and where a cause of action arises in whole or in part. There may be some confusion by reason of so much having been written relative thereto. However, we think that a cause of action upon which recovery is sought comprises every fact which is necessary to be proved to authorize and support a judgment. Therefore, as applied to the cause of action in the instant case, the death of William Reed Hester, the holder of said "beneficial interest certificate," was such necessary and essential fact. That occurred in Haskell county, Tex., which event matured the beneficiary's claim, of which fact it is alleged due notice was given to the defendants. Therefore we conclude, from the facts and circumstances in evidence, that this cause of action arose, in part at least, in Haskell county. Savage v. H. C. Burks & Co. (Tex. Civ. App.) 270 S. W. 244; San Jacinto Life Insurance Co. v. Boyd (Tex. Civ. App.) 214 S. W. 482; Bering Mfg. Co. v. Carter & Bro. (Tex. Civ. App.) 255 S. W. 243; N. Estrada, Inc., v. Terry (Tex. Civ. App.) 293 S. W. 286.

[3] From the testimony in this record we conclude that the defendants and the various holders of certificates, under the scheme presented, constituted an unincorporated association of persons engaged in a species of life insurance, and that by reason thereof venue was and is, by reason of subdivision 23, art. 1995, supra, conferred upon the district court of Haskell county, the place of Hester's death.

Venue in Haskell county is also claimed by appellees under subdivision 28 of said article, which provides:

"Suits on policies may be brought against any life insurance company * * * where the policyholder or beneficiary instituting such suit resides."

Article 4716 of the same statute defines a life insurance company as follows:

"A life insurance company shall be deemed to be a corporation doing business under any charter involving the payment of money or other thing of value, conditioned on the continuance or cessation of human life, or involving an insurance, guaranty, contract or pledge for the payment of endowments or annuities."

[4] From this it will be observed that the statutes of Texas give a full and complete definition of a life insurance company, and no other definition can be considered in arriving at a conclusion as to whether or not any other organization of persons or capital would constitute a life insurance company. Taber v. Aransas Harbor Terminal Ry. Co. (Tex. Civ. App.) 219 S. W. 860.

[5] Under this definition of a life insurance company we do not think that the scheme of insurance contemplated and conducted by the defendants and those associated with them constituted them an insurance company, subjecting them to suit in the county where the policyholder or beneficiary resided, as provided in said subdivision 28 for suits against insurance companies. We therefore pass, without further consideration, the appellee's contentions seeking to maintain the venue under said subdivision 28.

[6] There is evidence in this record, though not conclusive, tending to establish that the deceased, Hester, accepted in Haskell county, Tex., said "beneficial interest certificate" No. 17800, according to the terms and stipulations thereof. The sufficiency of evidence to establish such acceptance is not attacked by any assignment of error. Such acceptance in Haskell county would be a fact of sufficient importance to justify the holding that a part of the cause of action did, in fact, arise in Haskell county, thus conferring venue upon the district court in which the suit was filed. Cuero Cotton Oil & Mfg. Co. v. Feeders' Supply Co. (Tex. Civ. App.) 203 S. W. 79; Southland Cotton Oil Co. v. John Guitar, 3 S.W.(2d) 471 (by this court).

This being the state of the record and there being no findings of fact and conclusions of law and no assignments attacking the sufficiency of the evidence in the respect mentioned, it would become our duty to uphold the judgment of the trial court upon the ground that the contract was accepted by Hester in Haskell county.

The assignments of error are therefore overruled, and for the reasons assigned the judgment of the trial court is affirmed.