## AMARILLO MUT. BENEV. ASS'N et al. v. HURD et al. (No. 606.)

Court of Civil Appeals of Texas. Eastland.
Oct. 11, 1929.

Cooper & Lumpkin, of Amarillo, for appellants.

Jas. A. Stephens, of Benjamin, for appellees.

LESLIE, J. The plaintiffs, Robert Ira Hurd and others, appellees here, filed this suit in Knox county, Tex., against the Amarillo Mutual Benevolent Association, W. L. Durrett, O. D. Kerr, J. R. Durrett, and J. R. Wrather, seeking to recover of said defendants upon certificates of insurance wherein one of the plaintiffs, Mary McClain, was beneficiary, and another the insured. Each of the defendants duly filed separate pleas of privilege to be sued in Potter county. The pleas of privilege were controverted, and a trial was had upon the issues presented. The pleas of privilege were each overruled, and from a judgment to that effect each of the defendants and the association prosecute this appeal.

The facts out of which the litigation grows are briefly these: The Fort Worth Mutual Benevolent Association of Texas, in 1923, issued to plaintiff Robert Ira Hurd, upon his application, two certificates of insurance, by the terms of which it was provided that said Hurd should pay the association (among other sums) $1.10 upon any members' becoming totally and permanently disabled prior to the age of 65 years, and in consideration thereof the association obligated itself to pay the beneficiary in the policy the sum of $1 for each member in good standing in the association on the occurrence of such disability, the aggregate sum not to exceed in amount the sum of $1,500, and to be raised on the assessment plan.

After the issuance of the two certificates by the Fort Worth Mutual Association it ceased to do business, and the defendant Amarillo Mutual Association assumed its liabilities under the terms of the certificates. The plaintiff Hurd paid his dues to the Amarillo Mutual, and in this suit he alleges that he has become totally and permanently disabled, and that, under the terms of the certificates, he and the beneficiary thereof are entitled to recover the sum of $1,500 on each certificate.

The other named defendants are officers and directors of the association.

The various pleas of privilege are in due form, and set forth the right of each of the defendants to be sued in Potter county. The plaintiffs filed controverting affidavit. By reference to this affidavit and the appellees' brief it clearly appears that they were proceeding in the trial court upon the theory

that they were declaring upon an insurance policy issued by an insurance company in contemplation of article 4716, Revised Civil Statutes 1925, defining an insurance company to be a corporation. In this manner plaintiffs sought to bring this suit within the exception, to the general venue statute, as set forth in subdivision 28 of article 1995. They fail to bring themselves under this exception (subdivision 28), for the reason that the Amarillo Mutual Benevolent Association is not an insurance company in the sense noted, but is, as shown by the undisputed testimony, merely an unincorporated mutual relief or benefit association, operating upon the assessment plan, and authorized by the provisions of article 4859, Revised Civil Statutes 1925.

Since said association is not an insurance company, that is, a corporation, in contemplation of said statute, it follows that venue in this suit cannot be established in Knox county under the testimony offered.

The question has been before this court once before, and has been fully discussed in the opinion in Union Trust Estate v. Orr, 3 S.W.(2d) 472.

We are not called upon to consider whether or not the plaintiffs' cause of action is one sounding in tort, as suggested by appellants. The controverting affidavit makes no such contention. The proof does not raise it, and the affidavit affirmatively asserts the cause of action arises on the certificates. It is unnecessary for us to consider whether the venue could have been maintained on some other ground not asserted and based upon a different construction of appellees' pleadings than that they have given the same.

For the reasons assigned, the judgment of the trial court is reversed and the cause remanded, with the direction to the trial court to transfer the cause as to all defendants to Potter county.

It is so ordered.