### DAVIS v. TEXAS LIFE INS. CO.
#### (No. 7393.)

Court of Civil Appeals of Texas. Austin.
Nov. 13, 1929.

Rehearing Denied Dec. 11, 1929.

T. C. Johnson, Jr., and R. E. McKie, both of San Marcos, for appellant.

Williams, Williams, McClellan & Lincoln, of Waco, for appellee.

BAUGH, J. The appellant, a resident of Hays county, Texas, sued the appellee, a corporation domiciled in McLennan county, Texas, in the district court of Hays county, for an accounting and for the balance claimed to be due him under a special contract with said corporation. The trial court, after a hearing upon a controverted plea of privilege, sustained said plea and ordered the case transferred to McLennan county, from which order Davis has appealed.

Venue in Hays county is asserted under subdivision 23 of article 1995, R. S. 1925, which provides, among other things, that a suit against a corporation may be maintained outside of the county of the corporation's domicile, where the cause of action or a part thereof arose in such other county. When said plea was granted by the trial court, this court had held unconstitutional that portion of said exception to the venue statute. See Dublin Mill & El. Co. v. Cornelius (Tex. Civ. App.) 5 S.W.(2d) 1027; Houston Lighting Co. v. Jenkins (Tex. Civ. App.) 5 S.W.(2d) 1030. And appellant asserts, which we accept as true, that because of our holdings in those cases the trial court granted said plea of privilege. Since then, however, the Supreme Court has reversed our holdings in the Jenkins and Cornelius Cases, and has held said exception to the venue statute constitutional. See Grayburg Oil Co. v. Powell (Tex. Com. App.) 15 S.W.(2d) 542.

According to appellant's allegations, and the proof offered on the plea of privilege, the negotiations concerning the contract declared upon were all conducted in Hays county, the offer was made and accepted in Hays county, and the services contemplated in the contract, and those actually performed, were rendered in Hays county. A breach of such contract clearly, then, constituted a cause of action arising in part in Hays county, within the purview of said subdivision 23. Continental State Bank v. Mailander (Tex. Civ. App.) 277 S. W. 232, 233; Southland Cotton Oil Co. v. Guitar (Tex. Civ. App.) 3 S.W.(2d) 471.

But appellee insists, first, that no breach of said contract was shown; and, second, that in any event said contract was in violation of the laws of Texas, and that it was also against public policy, and therefore unenforceable in any court.

The general rule, repeatedly discussed in the decisions, and stated by Judge Greenwood, in Coalson v. Holmes, 111 Tex. 510, 240 S. W. 896, 898, is: "With the venue challenged, under proper plea, by one sued without his county, as shown by the plaintiff's

pleading, or by proof, the burden not only to allege but to prove that the case is within one of the exceptions to the statute rests on the plaintiff." This rule was announced in a case where the grounds of the venue asserted sounded in fraud, under subdivision 7 of said article 1995. In such a case, as in cases under subdivision 9 of said article, relating to a crime, offense, or trespass, the very right to retain venue without the defendant's county depends upon the existence vel non of the fraud, crime, offense, or trespass, and, having this element thus directly challenged, the plaintiff must show at least its probable existence in order to bring his case under the exception.

The discussions by the courts of these two exceptions have led to some confusion, when attempts are made to apply the tests therein announced to other exceptions, resting upon other and different grounds. In the instant case, when the plaintiff showed that his suit was against a private corporation, that it was, upon a written contract negotiated and entered into in Hays county, Texas, and for services to be performed in that county, and alleged a breach thereof, we think he had met the requirements of the venue statute, so far as a plea of privilege was concerned. Whether or not that contract had been breached, what his damages were, and whether he was entitled to an accounting, were, in our opinion, all matters going to the merits of his case, and not matters necessary to be proved in fixing the forum in which he was entitled to litigate his claim. It was not incumbent upon him to prove a breach of his contract, which was performable in Hays county, in order to retain venue in that county. When he showed the execution of the contract in Hays county, and that same was to be performed in that county, he established his right to have determined there the issue of whether or not that contract had in fact been breached.

Nor do we sustain appellee's contention that venue could not lie in Hays county, because said contract was shown to be illegal and against public policy. It is true that, in its exceptions to appellant's controverting affidavit, the appellee did urge that such contract was illegal. But that issue was not passed upon by the trial court. The only question there to be considered was what was the proper forum in which the parties were entitled to have their bona fide issues litigated, and the legality of said contract could not there have been properly adjudicated. That was a matter also to be determined in a hearing upon the merits. To hold otherwise would, in effect, defeat the very purposes of the venue statute, and practically compel the litigant to try his case upon its merits in a hearing upon a plea of privilege.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded for trial in the district court of Hays county.

Reversed and remanded.