**ALAMO PRODUCTS COMPANY, Appellant,**

v.

**C. H. FRENCH, Appellee.**

No. 13367.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 24, 1958.

Ewers, Cox & Toothaker, McAllen, for appellant.

Huson & Bissett, Refugio, for appellee.

POPE, Justice.

Plaintiff, C. H. French, sued Alamo Products Company, a private corporation, in Refugio County, for breach of a contract to grow peas. Alamo Products Company filed a plea of privilege to be sued in Hidalgo County and the trial court overruled the plea. Plaintiff relied upon Sections 5 and 23 of Article 1995, Vernon's Ann.Civ.Stats., for holding venue in Refugio County. Plaintiff, in our opinion, was entitled to maintain the suit in Refugio County under Section 23, Art. 1995, and we, therefore, do not discuss the other section.

Plaintiff sued for damages for breach of a written contract. He proved that he entered into a contract with Alamo Products Company by which he agreed to grow and did grow 100 acres of peas in Refugio County during the spring of 1957. He agreed that he would not pick the peas except as directed by Alamo Products Company, and that he would sell the crop only to Alamo. Alamo was the sole judge of the time to harvest. Plaintiff agreed that he would deliver the peas after harvesting, at his expense, to buyer's trucks at locations convenient to plaintiff. Alamo agreed to furnish assistance in the harvesting. Plaintiff proved these contractual terms, that he complied with the contract, that Alamo inspected and approved the crop in the field during June, and agreed to have its trucks and peapickers available the following week to harvest the crop. Alamo never sent the trucks nor the harvesters, and in September plaintiff plowed the peas under.

Plaintiff relied upon that portion of Sec. 23, Art. 1995, which provides that a plaintiff may sue a private corporation in the county in which the cause of action or part thereof arose. Moore v. Snowball, 98 Tex. 16, 81 S.W. 5, 66 L.R.A. 745, details the elements of a cause of action under what is presently Section 23. The section is applicable if some part of the transaction creating the primary right, or some part of the transaction relating to the breach of that right, occurred in the county where the

suit is brought, which is this case was Refugio County. Stone Fort National Bank of Nacogdoches v. Forbess, 126 Tex. 568, 91 S.W.2d 674, 676. Plaintiff was entitled to bring the suit in Refugio County. Mercantile Bank & Trust Co. v. Schuhart, Tex.Com.App., 115 Tex. 114, 277 S.W. 621; Gleason v. Southwestern Sugar & Molasses Co., Tex.Civ.App., 214 S.W.2d 640; Transit Grain & Commission Co. v. Snapp, Tex. Civ.App., 148 S.W.2d 233.

The judgment is affirmed.