**PERMIAN BASIN LIFE INSURANCE COMPANY, Appellant,**

v.

**Martin STUART, Appellee.**

No. 13915.

Court of Civil Appeals of Texas.

Houston.

May 17, 1962.

Rehearing Denied June 7, 1962.

Raymond D. Wier, Odessa, for appellant.

Blakeley & Williams, Carey Williams, Houston, for appellee.

WERLEIN, Justice.

Appellant, a private corporation, appeals from an order of the trial court overruling its plea of privilege to be sued in Ector County, Texas, where its principal office is situated. Appellee in his amended controverting plea averred that venue is maintainable in Harris County under Subdivision 23 of Article 1995, Vernon's Annotated Texas Statutes, which provides in part: "Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; * * *."

This suit was instituted by appellee in the District Court of Harris County for rescission of the sale of two "Advisory Board Investment Certificates," which appellee bought from appellant allegedly in reliance upon fraudulent misrepresentations of appellant acting by and through its duly authorized agent who solicited appellee to

purchase such certificates at a price of $600.00 for each certificate payable at the rate of $120.00 down and the balance payable in equal installments over a period of four years. Appellee alleged that appellant represented to him in such solicitation and offer, both orally and in writing, that such investment was guaranteed, and under no circumstances could he lose his money, for the reason that at the expiration of five years from the date of purchase he could surrender his certificates for their full face value of $600.00 each.

Appellee further alleged that he later ascertained that the certificates provide that they are not repayable until and unless a special fund to which appellant was obligated to credit each year one-third of its net surplus earnings, if any, reached a sum equal in the aggregate to the total face value of all outstanding similar certificates, and that he did not discover the falsity of the representations made by appellant until after the expiration of five years when he called upon appellant to pay their face value. He then, through his attorney, notified appellant by mail of his election to void and rescind the sale of said certificates because of the fraud perpetrated upon him, and at the same time offered to send said certificates to appellant in due form for transfer, together with a cashier's check in the amount of all interest payments he had received under said certificates, in return for appellant's check in the amount of $1200.00 he had paid, plus interest thereon.

The question for our determination is whether any part of appellee's cause of action arose in Harris County. It is not disputed that appellant's principal office is in Ector County, and that the alleged initial fraudulent representations upon which appellee relied, were made by appellant's agent in Cameron County, Texas, and that appellee did not move to Harris County until about two years prior to filing this suit. Appellant asserts that there is no evidence in support of the implied finding by the trial court that a part of appellee's cause of action arose in Harris County.

Appellee, on the other hand, alleged in his controverting plea and now contends that he continued to rely on appellant's misrepresentations after moving to Harris County, demanded rescission in Harris County, offered in Harris County to de equity and restore what he had received, and received in Harris County appellant's refusal of his demand for rescission, and that hence a part of his cause of action arose in Harris County.

We do not agree. Appellee's cause of action is essentially one to rescind a sale of two certificates because of appellant's fraudulent representations made in Cameron County, and to recover back what he had paid for such certificates. The execution of the contract of sale; the payment by appellee of the cash part of the consideration; the reliance by him upon appellant's representations; the delivery of the certificates to appellee, and the receipt of the deferred purchase money payments by appellant occurred in counties other than Harris County.

Since this is a suit brought to rescind a contract because of fraud, appellee would have to allege and prove the fraudulent representations and his reliance thereon, and he would have to offer to do equity and tender back what he had received. Such offer and tender could be made in his pleading. They did not have to be made by letter as was done. Tompkins v. Johnson, Tex.Civ.App., 86 S.W. 953; Alexander v. Walker, Tex.Civ.App., 239 S.W. 309, writ dism.; 10 Tex.Jur.2d 376, § 46. In said letter appellee's attorney stated that if they did not hear from appellant within two weeks they would construe such silence as a rejection of appellee's tender. Such letter and the other correspondence which followed resulted merely in appellant's refusal in Ector County to concede to appellee's request for payment.

Appellee asserts that he continued to rely on appellant's fraudulent representations in Harris County. The contract of sale was entered into by appellee in reliance upon appellant's representations at the time they

were made in Cameron County. No further representations were made. Appellee apparently gave no further thought to such representations until more than five years later when appellant refused to pay. The letter notifying appellant of appellee's rescission and offer to return the certificates and do equity was received by appellant in Ector County, where appellant considered appellee's offer and tender, and rejected the same. Appellant did nothing in Harris County and the contract of sale did not call for anything to be done in Harris County. Had appellee's offer and tender by letter been accepted by appellant, the agreement to refund appellee's money would have been consummated in Ector County upon appellant depositing in the mail its acceptance. We can perceive of no reason why the rejection of the offer and refusal to pay did not occur in Ector County. Southland Cotton Oil Co. v. Guitar, Tex.Civ.App., 3 S.W. 2d 471; Continental State Bank v. Mailander, Tex.Civ.App., 277 S.W. 232; Aynesworth v. Peacock Military College, Tex.Civ. App., 225 S.W. 866; National Life Co. v. Harvey, Tex.Civ.App.1942, 159 S.W.2d 920.

The general rule in Texas is that a person who has been sued has the right to defend such suit in the county of his residence except under well defined exceptions. An equal doubt between the exception and the general rule is to be resolved in favor of the rule. A. H. Belo Corporation v. Blanton, 133 Tex. 391, 1939, 129 S.W. 2d 619; Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969. The plaintiff has the burden to allege and prove the facts he relies upon to bring his case within an exception to the general rule. Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69. Exception 23, relied upon by appellee in this case, has been construed as meaning that some part of the transaction creating the primary right, or some part of the transaction relating to the breach of that right, must have occurred in the county where the suit is brought. Stone Fort Nat. Bank of Nacogdoches v. Forbess, 126 Tex. 568, 91 S.W.2d 674, 676. In the Forbess case

the primary right arose when appellee became a general depositor in appellant bank, and appellant's violation of such right occurred when appellant refused to pay checks drawn on such account. Both occurred in Nacogdoches County. In the instant case no part of the transaction either creating the primary right or relating to the breach of that right occurred in Harris County.

The cases relied upon by appellee to establish that a part of his cause of action arose in Harris County are factually not applicable. In Hoffer Oil Corporation v. Brian, Tex.Civ.App., 38 S.W.2d 596, the contract for services was made in Fort Worth. There was no agreement as to where appellees were to be paid for their services, but performance of such services was necessarily to be in Eastland County, since the lands which were to be mapped and upon which geophysical work was to be performed was situated in that county. Appellant's plea of privilege to be sued in Tarrant County was properly overruled.

In Western Wool Commission Co. v. Hart, Tex.Sup.1892, 20 S.W. 131, suit was brought for breach of a contract made between appellant, a foreign corporation, and appellee, whereby appellant was to sell appellee's wool at St. Louis, Missouri, on commission. The court held that a part of the cause of action arose in Howard County, since under the contract between appellant and appellee the shipping of the wool which constituted a part of the transaction, occurred in Howard County, Texas.

In San Jacinto Life Insurance Co. v. Boyd, Tex.Civ.App., 214 S.W. 482, although the contract was made in Jefferson County, services were partly to be performed under it in Lynn County. Hence suit was properly brought in such county. The recent case of Teague Brick Sales Company v. Dewey, Tex.Civ.App., 355 S.W.2d 249, cited by appellee, is also distinguishable.

Judgment of the trial court is reversed and the cause is remanded with instructions to transfer the case to the District Court of Ector County, Texas.