**LAMBERT CORPORATION, Appellant,**

v.

**J. B. MARTIN, Appellee.**

No. 14089.

Court of Civil Appeals of Texas.

San Antonio.

May 15, 1963.

Rehearing Denied June 12, 1963.

Second Rehearing Denied July 17, 1963.

Wm. N. Bonner, Houston, for appellant.

Dodson, Duke & Branch, San Antonio, for appellee.

BARROW, Justice.

Lambert Corporation, a private Texas corporation, appeals from an order of a district court of Bexar County, over-ruling its plea of privilege to be sued in Harris County, where its principal office is situated. J. B. Martin, d/b/a Texas Joint Sealing Company, in his controverting plea averred that venue is maintainable in Bexar County under Subd. 23 of Art. 1995, Vernon's Ann.Civ.Stats., which provides in part:

> "Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county; * * *."

It is clear that plaintiff may sustain venue under any one of these alternatives. Mc-Donald, Texas Civil Practice, § 4.30. Martin asserts that the venue is maintainable under the latter two stated provisions of this subdivision.

This plea was heard without a jury and no findings of fact or conclusions of law were filed by the trial court. Therefore, it is presumed that the trial court found all fact issues raised by the evidence in a manner to support the judgment. It is our duty to examine the evidence in the light most favorable to appellee, Martin, and to indulge every reasonable inference in favor of the judgment. Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696.

Martin testified that on April 28, 1960, he entered into two contracts with the United States Government, wherein he agreed to perform concrete repair and joint seal work on the runways of the U. S. Naval Auxiliary Air Station, Chase Field, Bee County, Texas. Appellant is a manufacturer and distributor of paints, waterproofing materials, varnishes, enamels, lacquers, and synthetics, and holds itself out as an expert in the use of these products. Martin alleged that before he signed the contracts with the Navy, he discussed the specifications of the contracts with Mr. Lambert, president of appellant, and a chemist employed by appellant company. These discussions took place in Bexar County, Texas. The specifications called for the use of a

sealer material of a two-component, cold-applied, suitable elastomeric, polymer-type compound which, among other requirements, would be capable of completely filling the joints without the formation of air holes or discontinuities. Martin testified that Lambert represented and warranted to him that a product manufactured by Flintkote Corporation of New York could meet these specifications. Martin agreed to purchase from appellant the necessary amount of the Flintkote M–200 Joint Sealer to perform this contract. It is undisputed that the joint sealer compound did not produce the results required by the contract specifications, and after several months' delay and many discussions between the Navy Inspector, Martin, Lambert, and the officials of the Flintkote Corporation, Martin ws required, at considerable additional expense, to remove this material from the joints and replace it with material of another type. It is a disputed issue for trial on the merits as to the cause of the failure of the Flintkote material to perform as required by the contract specifications.

The exact relationship between appellant and the Flintkote Corporation is not established by the evidence. Some of the documents identify it as a sub-contractor. The material was manufactured by the Flintkote Corporation at its New Jersey plant, inspected there by a Navy Inspector and shipped direct to Beeville. It is seen that Martin had no negotiations whatsoever with Flintkote Corporation, although he did receive technical assistance in the application of the material from one of its employees. Martin ordered the material from appellant and agreed to pay appellant for same. He testified that this was done in reliance upon the representations and warranty of Lambert that the material would perform in a manner to meet the contract specifications. It failed to do so and this suit was filed to recoup Martin's damages by reason of the misrepresentations and breach of warranty of Lambert as to the capabilities of this material.

Subd. 23 of Art. 1995, is applicable if some part of the transaction creating the primary right, or some part of the transaction relating to the breach of the right, occurred in the county where the suit is brought. Stone Fort Nat. Bank of Nacogdoches v. Forbess, 126 Tex. 568, 91 S.W.2d 674; Permian Basin Life Ins. Co. v. Stuart, 357 S.W.2d 615; Alamo Products Co. v. French, Tex.Civ.App., 316 S.W.2d 765. In this case it is seen that the primary right asserted is for damages for misrepresentations and breach of warranty by appellant's officer. These misrepresentations were made in Bexar County and therefore the cause of action or a part thereof arose in Bexar County, within the meaning of Subd. 23 of the venue statute.

In view of our holding that the cause of action, or a part thereof arose in Bexar County, we do not deem it necessary to pass upon the appellant's other points as to whether it had an agency or representative in Bexar County.

The judgment is affirmed.