COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| REYNALDO JESUS ADAMS, | § | No. 08-10-00345-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | 120th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC#20030D05596) |
| | § | |

## **O P I N I O N**

Appellant, Reynaldo Jesus Adams appeals from a judgment revoking his community supervision.   We affirm.

## **BACKGROUND**

On March 17, 2004, pursuant to a plea bargain, Appellant pleaded guilty to the offense of retaliation.  The trial court placed Appellant on seven years' deferred adjudication community supervision, and imposed a $500 fine, of which $100 was probated.[1]   In May 2007, the State filed a motion to adjudicate guilt.   In June 2007, the trial court modified the terms and conditions of Appellant's community supervision and extended his probation by an additional three years.  Subsequently, the State again filed a motion to adjudicate alleging in part that Appellant violated the conditions of his community supervision by committing the offense of unlawful possession of a controlled substance, cocaine in an amount less than a gram.

The same trial judge who presided over Appellant's jury trial for the possession case also

---

[1] This sentence was to run concurrently with cause number 20040D01036 in which Appellant entered a guilty plea to the offense of aggravated robbery.

heard the State's amended motion to adjudicate. As support for the allegations in its amended motion to adjudicate, the State offered testimony from Appellant's probation officer, who testified that Appellant was arrested for possession of cocaine under one gram on March 19, 2010. The probation officer also testified that Appellant had failed to pay the $60 monthly supervision fee for August 2010, and had only paid $20 towards his $500 fine, and $30.60 towards his court costs. Both Appellant's arrest on March 19, 2010, and his failure to pay the required supervision fees violated the terms of his community supervision.

At the State's request, the trial court took judicial notice of the judgment entered against Appellant in cause number 20100D01531. The State explained that Appellant was found guilty by a jury for possession of a controlled substance, was sentenced to eighteen months state jail for that offense, and was assessed a $5,000 fine. At Appellant's request, the trial court noted that Appellant's conviction was on appeal. The trial court expressly stated that "having heard the evidence in that case" and having heard all the evidence on revocation, Appellant was "[not] a good candidate for probation." At the close of evidence, the court made an affirmative finding that Appellant committed the offense of unlawful possession of a controlled substance in violation of condition "a" of the terms and conditions of his community supervision.[2]

During the punishment stage of trial, Appellant testified that he had been found guilty of possession of cocaine under one gram, but denied possession. Some of the testimony surrounding the facts of the possession case were presented to the trial court at the revocation hearing. Appellant admitted during the revocation hearing that he was delinquent in his probation fees in the amount of $3,000 and agreed that he had only paid $30.60 toward his court costs.

The trial court revoked Appellant's community supervision, entered an adjudication of

---

[2] Condition "a" provided in part that Appellant commit no offense against the laws of this state.

guilt, and imposed a two-year sentence.   This appeal followed.

## DISCUSSION

### *Revocation of Community Supervision*

In a single issue on appeal, Appellant argues that the trial court abused its discretion when it revoked his community supervision because the evidence is insufficient to prove that he committed the offense of possession of a controlled substance.

### *Standard of Review*

We review a trial court's decision to revoke community supervision for an abuse of discretion.   *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).   The State must show the alleged violations of the trial court's order by a preponderance of the evidence.   *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). There is a preponderance of the evidence if the greater weight of the credible evidence creates a reasonable belief that the defendant has violated a condition of his community supervision.   *Rickels*, 202 S.W.3d at 763-64.   On appeal, we view evidence presented at the revocation hearing in a light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Martinez v. State*, 130 S.W.3d 95, 97 (Tex. App. – El Paso 2003, no pet.).   When more than one violation of the conditions of community supervision is found by the trial court, the revocation order must be affirmed if a single ground supports the trial court's order.   *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

Citing to *Barrientez v. State*, Appellant contends that his conviction for possession of cocaine under one gram is on appeal and therefore, cannot be the basis of the revocation.[3]   500

---

[3] Appellant appealed from his possession conviction in appellate court cause No. 08-10-00235-CR.   On this same day, we issued an opinion affirming the conviction.

S.W.2d 474 (Tex. Crim. App. 1973). However, in *Barrientez*, the Court of Criminal Appeals held that when the language of the motion and the order is to the effect that the accused committed the offense, the basis for the revocation of probation is not the conviction, but the commission of the offense. *Id.* at 475.

Here, the State's amended motion to adjudicate alleged Appellant "did then and there, unlawfully, commit the offense of [u]nlawful [p]ossession of a [c]ontrolled [s]ubstance PG 1 < 1G, in violation of condition 'a.' of the terms and conditions of his community supervision." Furthermore, the adjudication order states that Appellant "was previously convicted of a felony offense" and that he "violated the conditions of community supervision as set out in the State's original motion to revoke community supervision . . . ." Therefore, the record shows that the State sought to allege and prove that Appellant committed the offense, not that he had been convicted of the offense. *See Barrientez*, 500 S.W.2d at 475.

Appellant also argues the State failed to introduce any evidence other than the judgment and the testimony of Appellant's probation officer to prove that Appellant committed the offense of possession of a controlled substance and as such the evidence was insufficient to allow the revocation of his probation. Although the State asked the trial court to take judicial notice of the judgment, the trial court inferentially announced that it took notice of the evidence presented during Appellant's possession trial. *See Akbar v. State*, 190 S.W.3d 119, 123 (Tex. App. – Houston [1st Dist.] 2005, no pet.) (when the same trial court presides over both the revocation hearing and the trial of the underlying offense that is the basis for the State's motion, the trial court can take judicial notice of the evidence adduced at the trial); *Kubosh v. State*, 241 S.W.3d 60, 66-67 (Tex. Crim. App. 2007) (judicial notice by the trial court can be inferred from its actions); *see also Lighteard v. State*, No. 04-09-00021-CR, 2010 WL 1997723, at *2 (Tex. App. – San

4

Antonio May 19, 2010, no pet.) (holding that even where State asked for judicial notice of conviction, the trial court inferred it was taking notice of the evidence and not the conviction where it found "sufficient evidence to support and grant the State's motion").

Here, it is apparent that the trial court inferentially took judicial notice of the evidence adduced at the possession trial, as opposed to the judgment in the case. The trial court reminded Appellant that she tried his possession case, and stated that "having heard the evidence in that case and having considered all of the evidence that I've heard here this afternoon, I do not believe that Mr. Adams is a good candidate for probation . . . [a]nd so, based on all of the evidence that I have heard . . . I am making a finding that [the allegations] are true." *See Akbar*, 190 S.W.3d at 123; *Kubosh*, 241 S.W.3d at 66-67; *Lighteard*, 2010 WL 1997723, at *2. Because the State sought to prove the commission of the offense of possession and not just the conviction and because the trial court took judicial notice of the evidence and not the judgment in the possession case over which she presided, we conclude the trial court did not err in finding that Appellant had committed the offense of possession of a controlled substance and in revoking Appellant's community supervision. *See Akbar*, 190 S.W.3d at 123; *Kubosh*, 241 S.W.3d at 66-67; *Lighteard*, 2010 WL 1997723, at *2. *Barrientez*, 500 S.W.2d at 475.

Even assuming the trial court only took judicial notice of the judgment and not the evidence in Appellant's possession trial, we find no abuse of discretion on the part of the trial court. The record shows not only that Appellant's probation officer testified that Appellant violated the terms and conditions of his probation by failing to pay the supervision fee in August 2010, but that Appellant agreed in court that he was delinquent in paying his probation fees in an amount of $3,000. The trial court made a finding of true that Appellant failed to pay his $60 supervision fee in violation of "I-1A" of the terms and conditions of his community supervision.

5

Thus, in addition to the evidence judicially noticed by the trial court there was other evidence establishing Appellant violated the terms and conditions of his community supervision by failing to pay various fees associated with his community supervision. Proof of Appellant's failure to pay his supervision fee in August 2010 supports the trial court's revocation of Appellant's community supervision. *Moore*, 605 S.W.2d at 926. Finding no abuse of discretion in the revocation of Appellant's community supervision, we overrule Appellant's sole issue.[4]

## CONCLUSION

The trial court's judgment is affirmed.

GUADALUPE RIVERA, Justice

July 25, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.

(Do Not Publish)

---

[4] The State maintains that Appellant waived his insufficiency argument under the residual holding of *DeGarmo v. State*, 691 S.W.2d 657, 660-61 (Tex. Crim. App.), *cert. denied*, 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985). However, because we find the evidence to be sufficient, we need not address the State's contention.