11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Charail Dominique McDaniel

Appellant

Vs.                   No.
11-03-00298-CR B Appeal from Nolan County

State of Texas

Appellee

 

This is an
appeal from a judgment revoking community supervision.  In Trial Court Cause No. 9518, Charail
Dominique McDaniel originally entered a plea of guilty to the offense of
assault on a peace officer.  Pursuant to
a plea bargain agreement, the trial court convicted appellant of the offense,
assessed his punishment at confinement for 7 years and a $1,500 fine, suspended
the imposition of the confinement portion of the sentence, and placed him on
community supervision for 7 years.  The
sentence was imposed on November 26, 2001. 
At the May 6, 2002, hearing on the State=s motion to revoke, appellant entered pleas of true to six allegations
that he violated the terms and conditions of his community supervision.  The trial court found the allegations to be true,
revoked appellant=s
community supervision, and imposed a sentence of confinement for 6 years and a
$1,500 fine.  This sentence was imposed
on May 6, 2002.  Appellant is attempting
to appeal from the May 6, 2002, judgment. 
The appeal is dismissed for want of jurisdiction.

The clerk=s record was received in this court on
October 2, 2003.  The record reflects
that appellant was represented by counsel during the trial court proceedings;
that appellant=s pro se Ageneral” notice of appeal was received by the district clerk on June
18, 2002, and filed on September 30, 2003; that a pro se motion for new trial
was filed on September 30, 2003; that a pro se motion for bail was received by
the district clerk on November 13, 2002, and filed on September 30, 2003; and
that notice of appeal was received by the district clerk on November 8, 2002,
and was filed on September 30, 2003. 
Upon inspection of the clerk=s record, the clerk of this court notified the parties in writing that
it appeared this court did not have jurisdiction to entertain this appeal.  Appellant was directed to respond within 10
days showing grounds for continuing this appeal.    








Appellant
has responded by filing a motion for appeal bond and to Arelease for appeals pending” and by filing a
brief on the merits of his case attacking his conviction.  In a letter to the clerk of this court,
appellant has apologized for his failure to timely file various motions and
explained his frustrations with understanding the legal system and limited
access to a law library.

Pursuant
to TEX.R.APP.P. 25.2(a), a notice of appeal must be timely filed in order to
perfect an appeal.  Appellant=s Ageneral@ notice of appeal was not timely pursuant to
TEX.R.APP.P. 26.2.  Likewise, the motion
for new trial and the later notice of appeal were not timely.  TEX.R.APP.P.  21.4 and 26.2.

Absent a
timely notice of appeal or the granting of a timely motion for extension of
time, this court does not have jurisdiction to entertain an appeal.  Slaton v. State, 981 S.W.2d 208
(Tex.Cr.App.1998); Olivio v. State, 918 S.W.2d 519 (Tex.Cr.App.1996); Rodarte
v. State, 860 S.W.2d 108 (Tex.Cr.App.1993); Shute v. State, 744
S.W.2d 96 (Tex.Cr.App.1988).  We
appreciate appellant=s
efforts to understand and comply with the appellate system; however, appellant
has not invoked the jurisdiction of this court, and we lack the authority to
consider his appeal.

We note
that the arguments appellant raises in his brief are collateral attacks on his
original conviction and may not be raised in an appeal from the revocation of
his community supervision.  Vaughn v.
State, 608 S.W.2d 237 (Tex.Cr.App.1980); Puckett v. State, 801
S.W.2d 188 (Tex.App. - Houston [14th Dist.] 1990, pet=n ref=d), cert. den=d, 502 U.S. 990
(1991).  In addition, we note that a
plea of true alone is sufficient to support the trial court=s determination to revoke.  Moses v. State, 590 S.W.2d 469
(Tex.Cr.App.1979); Cole v. State, 578 S.W.2d 127 (Tex.Cr.App.1979).  

Appellant=s motion is overruled, and the appeal is dismissed
for want of jurisdiction. 

 

PER
CURIAM

October 23, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.