Opinion issued February 7, 2008



 








 





In The

Court of Appeals

For The

First District of Texas






NOS. 01-07-00109-CR

 01-07-00110-CR






VICTOR MANUEL MORENO, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause Nos. 1084739 and 835048






MEMORANDUM OPINION


 Appellant, Victor Manuel Moreno, appeals from the revocation of his
community supervision in cause number 835048 and from his punishment in cause
number 1084739. In cause number 835048, appellant pleaded guilty to the felony
offense of driving while intoxicated ("DWI"), having been twice previously convicted
of DWI. (1) Pursuant to an agreed recommendation, the trial court assessed punishment
at 10 years' community supervision and a $500 fine. Subsequently, in cause number
1084739, appellant was again charged with DWI, to which he pleaded guilty without
an agreed recommendation and was assessed punishment at 10 years' confinement. 
Based on the offense in cause number 1084739, the State moved to revoke appellant's
community supervision in cause number 835048, and appellant pleaded "not true" to
the allegations. After a hearing, the trial court found the allegations true and assessed
punishment at 10 years' confinement, to run concurrently with the sentence in
1084739.

 Appellant presents four points of error. In his first and second points of error,
appellant contends that the trial court erred by revoking his community supervision
because the evidence was insufficient to prove he had violated its terms. In his third
point of error, appellant contends that he received ineffective assistance of counsel
at the revocation hearing. In his fourth point of error, appellant contends that he
received cruel and unusual punishment in cause number 1084739.

 We affirm.

Background

 In 2000, after appellant was convicted of DWI, third offense, in cause number
835048, and assessed 10 years' community supervision, appellant was deported from
the United States and thus never reported to his community supervision officer. At
some point thereafter, appellant returned to the United States. 

 On September 14, 2006, appellant was stopped for suspicion of DWI. On
October 12, 2006, in cause number 1084739, appellant was again indicted for DWI,
third offense. Appellant pleaded guilty and, without an agreed recommendation with
the State, was assessed 10 year's confinement by the trial court.

 Subsequently, the State moved for revocation of appellant's community
supervision in cause number 835048 based solely on appellant's conviction for DWI
in cause number 1084739. Appellant pleaded "not true" to the allegations. 

 At the revocation hearing, Officer R. Briones, who has worked for the Houston
Police Department for 27 years, testified that he saw appellant exceeding the posted
speed limit at 2:30 a.m. on September 14, 2006 on Belfort Street in Houston. Officer
Briones testified that he activated his lights and siren, and followed appellant for
approximately one mile. During that time, appellant was weaving in and out of
traffic, was unable to maintain a single lane, and ran two red traffic lights. Finally,
appellant ran over a curb and stopped in a parking lot. Officer Briones testified that
appellant had slurred speech, bloodshot eyes, smelled of alcohol, and admitted to
having had two beers. In addition, appellant was off-balance in stepping out of his
car and in trying to walk. Officer Briones found three empty beer cans and twelve
warm cans of beer under appellant's seat.

 Officer Briones did not perform field sobriety tests. He testified that, in his
experience as a police officer, he has had the occasion to observe intoxicated people
on many occasions and that, in his opinion, appellant's actions were consistent with
those of an intoxicated person.

 Revocation of Community Supervision

 In his first and second points of error, appellant contends that the evidence is
legally and factually insufficient to support his revocation of community supervision. 
Specifically, appellant contends that the State failed to prove that he was intoxicated
during the traffic stop with Officer Briones, which is the basis for the revocation of
his community supervision.

A. Applicable Law 

 Our review of an order revoking community supervision is limited to
determining whether the trial court abused its discretion. Rickels v. State, 202 S.W.3d
759, 763 (Tex. Crim. App. 2006); Akbar v. State, 190 S.W.3d 119, 122 (Tex.
App.--Houston [1st Dist.] 2005, no pet.). A revocation hearing is not a criminal trial;
rather, it is an administrative hearing. Akbar, 190 S.W.3d at 122. Hence, the
standard of proof needed to show the truth of an allegation is less than that in a
criminal trial. Id. (citing Scamardo v. State, 517 S.W.2d 293, 297 (Tex. Crim. App.
1974)). In determining questions regarding sufficiency of the evidence in
community-supervision revocation cases, the State must prove by a preponderance
of the evidence that the defendant violated a term of his community supervision.
Rickels, 202 S.W.3d at 763-64; Akbar, 190 S.W.3d at 122-23. A preponderance of
the evidence exists when the greater weight of the credible evidence creates a
reasonable belief that the defendant has violated a condition of his community
supervision. Rickels, 202 S.W.3d at 764; Akbar, 190 S.W.3d at 123. We consider the
evidence in the light most favorable to the trial court's order. Akbar, 190 S.W.3d at
123.

 Although conceding that the proper standard of review on appeal from a
revocation proceeding is abuse of discretion, appellant nevertheless urges us to
conduct a factual sufficiency analysis in light of the standard set forth in Clewis v.
State, 922 S.W.2d 126 (Tex. Crim. App. 1996). Appellant's reliance on Clewis in the
context of this case is misplaced. See Johnson v. State, 943 S.W.2d 83, 85 (Tex.
App.--Houston [1st Dist.] 1997, no pet.). First, the context of Clewis is not an appeal
from an order revoking probation. See id. Second, adopting a different standard of
review on an appeal from a revocation order would directly conflict with the holding
in Garrett v. State, 619 S.W.2d 172 (Tex. Crim. App. 1981), and its progeny. See id. 
Hence, we examine the evidence in the light most favorable to the trial court's order
revoking probation. See id. "Any other type of review would effectively attenuate
the trial judge's discretion." See id.

B. Analysis

 Here, the sole allegation in the State's amended motion to revoke community
supervision in cause number 830548 is the DWI offense in cause number 1084739,
to which appellant pleaded guilty. When a defendant pleads guilty, the State must
still introduce sufficient evidence into the record to support the plea and show that
the defendant is guilty, and such evidence will be accepted by the court as the basis
for its judgment. See Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2005). 

 To revoke community supervision, the State must prove by a preponderance
of the evidence every element of the offense that is the basis for the revocation. See
Johnson, 943 S.W.2d at 85. Here, the State was required to show that appellant was
intoxicated while operating a vehicle in a public place. See Tex. Pen. Code Ann. §
49.04 (Vernon 2003); Akbar, 190 S.W.3d at 124. "Intoxicated," as defined, includes
"not having the normal use of mental or physical faculties by reason of the
introduction of alcohol." Tex. Pen. Code Ann. § 49.01(2)(A).

 During the revocation hearing, the State presented testimony by Officer
Briones, who is a 27-year veteran of the Houston Police Department. Officer Briones
testified that he saw appellant speeding, weaving, and running traffic lights at 2:30
a.m. on September 14, 2006, on Belfort Street in Houston. Officer Briones followed
appellant, with his lights and siren activated, for approximately a mile before
appellant ran over a curb and stopped in a parking lot. Officer Briones further
testified that appellant had slurred speech, bloodshot eyes, smelled of alcohol, and
admitted to having had two beers. In addition, appellant was off balance in stepping
out of his car and in trying to walk. Officer Briones found three empty beer cans and
twelve warm cans of beer under appellant's seat. 

 Appellant contends that Officer Briones' testimony is insufficient because he
did not have a video camera on his patrol car and did not perform field sobriety tests.
The testimony of an experienced officer is sufficient, however, to establish the
element of intoxication. See Annis v. State, 578 S.W.2d 406, 407 (Tex. Crim. App.
1979). Appellant also contends that Officer Briones's own testimony that appellant
was not combative, that he was able to park his car, and that the beers found under
the seat were warm weighs against Officer Briones's credibility as to whether
appellant was intoxicated. 

 In a community supervision revocation hearing, the trial court is the sole trier
of fact and determines the credibility of the witnesses and the weight to be given their
testimony. See Akbar, 190 S.W.3d at 123. Here, the trial court chose to believe the
testimony of Officer Briones and could have reasonably concluded that the State
showed by a preponderance of the evidence that appellant violated the terms of his
community supervision. We hold that the trial court did not abuse its discretion in
determining that the evidence is sufficient to support the revocation. See Rickels, 202
S.W.3d at 763-64; Akbar, 190 S.W.3d at 122-23. 

 We overrule appellant's first and second points of error.

Ineffective Assistance of Counsel

 In his third point of error, appellant contends that he received ineffective
assistance of counsel at the revocation hearing. Specifically, appellant contends that
his counsel failed to object to testimony by Officer Briones that appellant was
intoxicated. Appellant contends that, because Officer Briones testified that he "did
not have special training in observing intoxicated persons," "could not perform field
sobriety tests," and "arresting people for [DWI] was not his area of expertise," it was
"incumbent upon appellant's counsel to object to his opinion as to whether appellant
was indeed intoxicated." In addition, appellant complains that counsel "should have
taken the officer on voir dire and determined his lack of qualifications to find a
person intoxicated to the extent that he or she should not be driving a motor vehicle."

 Appellant was entitled to reasonably effective assistance of counsel. See U.S.
Const. amend. VI; Tex. Const. art. I, § 10. The right to counsel, however, does not
mean the right to errorless counsel. Robertson v. State, 187 S.W.3d 475, 483 (Tex.
Crim. App. 2006). To prove ineffective assistance of counsel, appellant must show
that (1) counsel's performance fell below an objective standard of reasonableness,
and (2) but for counsel's unprofessional error, there is a reasonable probability that
the result of the proceeding would have been different. Strickland v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Andrews v. State, 159 S.W.3d 98,
102 (Tex. Crim. App. 2005). "Reasonable probability" means a "probability sufficient
to undermine confidence in the outcome." 466 U.S. at 694, 104 S. Ct. at 2068. A
failure to make a showing under either prong defeats a claim for ineffective
assistance. Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

 To prevail, appellant must prove ineffective assistance by a preponderance of
the evidence and must overcome the strong presumption that counsel's conduct falls
within the wide range of reasonably professional assistance or might reasonably be
considered sound trial strategy. Robertson, 187 S.W.3d at 482-83; Gamble v. State,
916 S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996, no pet.). Generally, the
record on appeal is undeveloped, and a silent record that provides no explanation for
counsel's actions will not overcome the strong presumption of reasonable assistance.
Rylander, 101 S.W.3d at 110-11.

 Here, appellant has not made any attempt in his brief on appeal to show that
there is a reasonable probability that, but for the alleged errors, the outcome of trial
would have been different. See Boyd v. State, 811 S.W.2d 105, 109 (Tex. Crim. App.
1991). When, as here, appellant fails to meet the prejudice prong, we need not
address the question of counsel's performance on these points. See id. The failure to
make a showing under either of the required prongs of Strickland defeats a claim for
ineffective assistance of counsel. Rylander, 101 S.W.3d at 110-11. 

 Even if we conclude that appellant met his burden to show prejudice, he did not
file a motion for new trial, and the record is silent as to why counsel did not object
to Officer Briones's testimony or take Officer Briones on voir dire. Hence, appellant
has not overcome the strong presumption that counsel might have acted pursuant to
sound strategy. See Tong v. State, 25 S.W.3d 707, 713-14 (Tex. Crim. App. 2000);
Gibbs v. State, 7 S.W.3d 175, 179 (Tex. App.--Houston [1st Dist.] 1999, pet. ref'd). 

 We conclude that appellant has not met his burden to show ineffective
assistance of counsel by a preponderance of the evidence.

 Accordingly, we overrule appellant's third point of error.


Cruel and Unusual Punishment

 In his fourth point of error, appellant contends that he received cruel and
unusual punishment in cause number 1084739. Specifically, appellant contends that
"his sentence is disproportionate to the offense for which he was charged and violates
the Eighth Amendment to the United States Constitution prohibiting cruel and
unusual punishment, where the record reflects that he was eligible for a two year
sentence but received a ten year prison sentence." See U.S. Const. amend. VIII. The
State contends that appellant waived his contention because he failed to make a
timely objection in the trial court.

 Generally, a sentence within the statutory range of punishment for an offense
will not be held to be cruel or unusual under the United States Constitution. 
Ajisebutu v. State, 236 S.W.3d 309, 314 (Tex. App.--Houston [1st Dist.] 2007, pet.
ref'd). Here, appellant was convicted of a third offense of DWI, which is a third
degree felony. See Tex. Pen. Code Ann. § 49.09(b) (Vernon Supp. 2007). The
statutory range of punishment for a third degree felony offense is two to ten years. 
Tex. Pen. Code Ann. § 12.34 (Vernon Supp. 2003). Appellant was assessed
confinement of 10 years, which is within the statutory range. 

 In Solem v. Helm, the Supreme Court held that criminal sentences must be
proportionate to the crime and that even a sentence within the statutorily prescribed
range may violate the Eighth Amendment. 463 U.S. 277, 290, 103 S. Ct. 3001, 3009
(1983). As the State contends, however, appellant did not object in the trial court to
the alleged disproportionality of the sentences and has thus failed to preserve error. 
See Solis v. State, 945 S.W.2d 300, 301 (Tex. App.--Houston [1st Dist.] 1997, pet.
ref'd).

 Appellant's fourth point of error is overruled.

Conclusion


We affirm the judgment of the trial court.


 

 


Laura Carter Higley

Justice


Panel consists of Justices Nuchia, Hanks, and Higley.


Do not publish. See Tex. R. App. P. 47.2(b).

1. See Tex. Pen. Code Ann. § 49.04 (Vernon 2003). An offense under section 49.04 is
a third degree felony if it is shown on the trial of the offense that the person has two
previous convictions for DWI. Id. § 49.09(b)(2) (Vernon Supp. 2007).