**Bert HAILE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55120.**

Court of Criminal Appeals of Texas.

Oct. 19, 1977.

Russell C. Busby, Amarillo, for appellant.

Andy Shuval, Dist. Atty., Hereford, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from an order of the court revoking appellant's probation. The trial judge found that the appellant had violated a condition of his probation and sentenced the appellant to three years' confinement in the Texas Department of Corrections.[1]

The appellant's sole contention is that the evidence was insufficient to demonstrate a violation of a condition of his probation, and that therefore the trial judge erred in revoking his probation.

The evidence reflects that the appellant was convicted of delivery of a controlled substance on July 23, 1975. The appellant was sentenced to three years. The imposi-

tion of appellant's sentence was suspended and the appellant was placed on probation for three years on July 23, 1975. One of the conditions of the appellant's probation was that he:

"1. Commit no offense against this or any other state, or the United States."

On July 8, 1976, a motion to revoke the appellant's probation was filed. It was filed as Cause No. 2,510. The motion to revoke alleged in part that:

"On or about the 26th day of March, 1976, and during the period of such probation, Defendant violated the terms and conditions thereof in the following respect, to-wit:

"1. In the County of Deaf Smith, State of Texas on or about the 26th day of March, 1976, the Defendant did then and there knowingly and intentionally deliver to Juan Gutierrez, marihuana; weighing more than ¼ an ounce against the peace and dignity of the State and in violation of Article 1 of his probated sentence."

On July 13, 1976, a capias was issued for the appellant's arrest.

On June 1, 1976, the appellant was indicted for the offense of delivery of a controlled substance. It was filed as Cause No. 2,650. The indictment alleged the same offense upon which the motion to revoke was based.

On October 4, 1976, a jury found the appellant guilty of the offense of delivery of marihuana. On October 5, 1976, the appellant was sentenced to six years' confinement. Immediately after the sentencing portion of that trial, the motion to revoke was heard before the same trial judge who had presided during the trial of the underlying charge upon which the motion to revoke was based.

At the motion to revoke, the appellant and the State stipulated that: (1) the appellant had been convicted on July 23, 1975, for delivery of a controlled substance; and

1. The three years was "stacked" by the trial judge to run consecutively to a six-year term imposed by a jury in a related case. See *Haile* *v. State,* (Tex.Cr.App.1977); No. 55,173, decided this day in an unpublished per curiam opinion.

(2) the allegations contained in the motion to revoke Cause No. 2,510 were the same as those in the indictment, Cause No. 2,650.

The only witness for the State testified that he was the appellant's probation officer and that the appellant had been convicted in Cause No. 2,650 for delivery of marihuana.[2]

The sole issue is whether the stipulations and the testimony of the State's witness prove beyond a preponderance of the evidence that the appellant violated the condition of his probation alleged in the motion to revoke. *Keel v. State,* 544 S.W.2d 151 (Tex.Cr.App.); *Wester v. State,* 542 S.W.2d 403 (Tex.Cr.App.1970).

We are confronted with a situation where the motion to revoke was heard one day after a jury convicted the appellant of the offense upon which the motion to revoke was based. The trial judge in both cases was the same. The same attorney represented the appellant in both cases.

These facts bring us within the scope of our holdings in *Barrientez v. State,* 500 S.W.2d 474 (Tex.Cr.App.1973); *O'Hern v. State,* 527 S.W.2d 568 (Tex.Cr.App.1975); and *Green v. State,* 528 S.W.2d 617 (Tex.Cr. App.1975). However, unlike the foregoing cases, the prosecutor attempted to prove the *conviction* in Cause No. 2,510, not the *commission* of the offense upon which the conviction in Cause No. 2,510 was based, to revoke the appellant's probation. It is clear that the verdict of guilty in Cause No. 2,650 was on appeal at the time of the motion to revoke, and therefore it could not be used to support the revocation. *Barrientez v. State,* supra.

We have, however, affirmed Cause No. 2,650. Our opinion in that case overrules appellant's contention that the evidence was insufficient to show the delivery of marihuana by the appellant.[3] The case is therefore analogous to *Bailey v. State,* 543 S.W.2d 653 (Tex.Cr.App.1976). In *Bailey,* a hearing on a revocation motion was held concurrently with a trial before the court for felony theft. The evidence of that hearing consisted of a judicial confession and a guilty plea by the defendant in regard to the felony theft. We there stated:

"In the case at bar, the revocation hearing on the trial for the offense of felony theft occurred before the same judge on the same day. Appellant was also represented by the same counsel during the entire course of the proceedings. *Green v. State,* Tex.Cr.App., 528 S.W.2d 617; *Barrientez v. State,* Tex.Cr.App., 500 S.W.2d 474. It was not improper for the trial court to revoke the appellant's probation on the basis of his guilty plea to the offense of felony theft. We overrule the first ground of error."

*Bailey* can be interpreted as a case where a conviction, albeit a conviction based on a defendant's plea of guilty, was used to revoke probation. There, as in the present case, no contest to the sufficiency of the evidence exists.

We therefore hold that the evidence was sufficient and that the trial judge did not abuse his discretion. Appellant's contention is overruled.

The judgment is affirmed.

ONION, P. J., dissents.

---

**2.** It should be noted that the trial judge, the Honorable Michael P. Metcalf, asked the prosecutor if he (the prosecutor) wanted the court to take the earlier testimony in Cause No. 2,650 into consideration. The prosecutor's response was as follows:

"No, Your Honor. I mean, we have established that he has been convicted of this instant offense in this Court and sentenced therein and I think that shows by the preponderance of the evidence that he is guilty of delivering marihuana, at least that would be my theory, if we were not we will find out."

**3.** See note 1, supra.