Henry Dewitt VAUGHN, Appellant,

v.

The STATE of Texas, Appellee.

No. 65152.

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 10, 1980.

John Stauffer, John G. Tatum (of counsel on appeal only), Dallas, for appellant.

Henry M. Wade, Dist. Atty. and Steve Wilensky, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, TOM G. DAVIS and W. C. DAVIS, JJ.

OPINION

ROBERTS, Judge.

Vaughn appeals from the revocation of his probation. In his first ground of error he collaterally attacks the evidence of guilt that was before the court when he was granted probation after pleading guilty to sexual abuse of a child. His argument is that his written, judicial confession that he sexually abused Shelia B_____ was insufficient to prove the allegation in the indictment that he sexually abused Sheila B_____. First, this is an improper collateral attack on the sufficiency of the evidence. *Traylor v. State*, 561 S.W.2d 492, 494 (Tex. Cr.App.1978). Second, even if the sufficiency of the evidence may be attacked collaterally, there is nothing in the record to show that the written confession was the only proof of guilt. *Id.* at 495. Third, even if the written confession were the only proof

of guilt, there would be no variance; "Sheila" and "Shelia" are *idem sonantes.*

In the second ground of error the appellant argues that the evidence was insufficient to support the order revoking probation. The motion to revoke probation alleged that the appellant raped a child. Without objection, the trial court took judicial notice of the child's testimony at the appellant's trial for the criminal offense. Her testimony was sufficient evidence.

In the third ground of error the appellant argues that it was error to revoke probation after a jury had found him not guilty of the same offense that was alleged in the motion to revoke. That was not error. *Bradley v. State,* 608 S.W.2d 652 (Tex.Cr.App.1980); *McDonald v. State,* 608 S.W.2d 192 (Tex.Cr.App.1980); *Russell v. State,* 551 S.W.2d 710 (Tex.Cr.App.1977).

The judgment is affirmed.