Tareeq Muhammad AKBAR, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–04–01094–CR, 01–04–01095–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 15, 2005.

Winifred Weber, Houston, TX, for Appellant.

Kurt Sistrunk, Criminal Dist. Atty., Galveston County, B. Warren Goodson, Jr., Asst. Dist. Atty., Galveston, TX, for Appellee.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

TIM TAFT, Justice.

The trial court granted motions to revoke the community supervision of appellant, Tareeq Muhammad Akbar, in two cases: one in which he was convicted of possession with intent to deliver four grams or more, but less than 200 grams, of cocaine ("cocaine case") and another in which he was convicted of possession of a

firearm by a felon ("firearm case"). *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon 2003); TEX. PEN.CODE ANN. § 46.04(a)(1) (Vernon Supp.2005). The trial court assessed punishment at eight years in prison in each case, to be served concurrently. We determine whether the trial court erred by (1) considering evidence admitted in a separate trial thereby denying appellant the right to confront and to cross-examine his accusers and (2) finding that the evidence was legally sufficient to prove that appellant committed murder and possession of a firearm by a felon, as alleged in the motions to revoke community supervision. We affirm.

## Background

Appellant pleaded guilty to a first-degree-felony offense of possession with intent to deliver four grams or more, but less than 200 grams, of cocaine and, pursuant to an agreement with the State as to punishment, the trial court assessed appellant's punishment at eight years community supervision. The following year, appellant was indicted for possession of a firearm by a felon, to which charge appellant pleaded guilty, and the trial court assessed punishment at eight years in prison and placed appellant in the State Boot Camp Program. Appellant's original community supervision in the cocaine case was revoked on April 26, 2002. On July 9, 2002, appellant was released from the State Boot Camp Program, his sentence was suspended, and he was placed back on community supervision for eight years in both cases.

On July 1, 2003, appellant was charged with the murder of Billy Holt. A jury trial was held on August 3, 2004. Eyewitnesses Bryce Hynson and Sedrick Ballard testified that, on July 1, 2003, Holt, Hynson, and Ballard sat in Hynson's car, waiting for Royce Tezno. Appellant, wearing a black-leather jacket, ski mask, and bandana, approached the vehicle from behind, opened the passenger door, said some words, and shot Holt. Holt got out of the car, scuffled with appellant, and fell into a ditch. Hynson and Tezno carried Holt into Tezno's house. When paramedics and police arrived, they discovered that Holt had been shot in the right side of his chest, was in pain, and was bleeding, but was still alive.

Officer Sedgwick of the Texas City Police Department asked Holt if he knew who had shot him; Holt responded, "Tareeq Akbar." Hynson, Ballard, and Tezno heard Holt name "Tareeq" and "Cool Breeze" as the shooter. Appellant was the only person in La Marque who used the nickname "Cool Breeze." Neither Hynson nor Ballard identified appellant as Holt's shooter in the statements that they made to the police on the morning of the shooting. However, Hynson testified that he recognized the shooter's voice, which was distinct and had a Jamaican-like accent, to be that of appellant. Ballard testified that he saw the shooter's face and identified appellant as the shooter. Tezno, who had seen the scuffle between appellant and Holt, also identified appellant as the shooter. Donald Benefield, who lived at the residence where appellant was picked up for questioning, gave Officer Ronald Hall a gun wrapped in a white towel and told Officer Hall that appellant had given him the gun. The gun was later identified by a forensic firearms examiner, Calvin Story Jr., as the murder weapon used to kill Holt. A jury acquitted appellant of the murder charge.

The State then filed motions to revoke community supervision in appellant's cocaine and firearm cases. Appellant pleaded not true to the allegations in the State's motions to revoke community supervision. On September 2, 2004, the trial court held

a revocation hearing in appellant's cocaine case. The trial court granted the State's motion to take judicial notice of the testimony and documents in appellant's murder trial. On September 16, 2004, the trial court held a revocation hearing in appellant's firearm case. The trial court granted the State's motion to take judicial notice of the testimony and documents in appellant's murder trial and of the evidence from the September 2, 2004 revocation hearing.

In both of the revocation hearings, the State alleged that appellant had violated the terms and conditions of his community supervision[1] by committing the following acts, which we number as did the State in its revocation motions: (1A) committing the offense of unlawful possession of a firearm by a felon; (1B) committing the offense of murder; (12) failing to pay supervision fees as ordered and being $289 in arrears on them; (13) failing to pay court costs and being $130 in arrears on them; (15) failing to pay restitution as ordered and being $71 in arrears in it; (16) failing to reimburse Galveston County for compensation of appointed counsel as ordered and being $110 in arrears in that regard; (16A) failing to pay the Crime Stoppers Program's payment as ordered and being $25 in arrears on that payment; (19) submitting to a drug test and testing positive

for marijuana; and (28) failing to attend and to successfully complete a drug education program pursuant to Transportation Code section 521.374.[2]

On September 16, 2004, the trial court revoked appellant's community supervision in both cases, finding allegation 19 to be not true and allegations 1A, 1B, 12, 13, 15, 16, 16A, and 28 to be true.

### Standard of Review and the Law

 We review a trial court's order revoking community supervision for abuse of discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App.1984). A revocation hearing is not a criminal trial; it is an administrative hearing. *Bradley v. State*, 608 S.W.2d 652, 656 (Tex.Crim.App. 1980) (citations omitted). As a result, no jury is required, and the standard of proof needed to show the truth of an allegation is less than that in a criminal trial. *Scamardo v. State*, 517 S.W.2d 293, 297 (Tex. Crim.App.1974); *Bradley*, 608 S.W.2d at 656.

 The State must prove by a preponderance of the evidence that the person on community supervision violated the terms and conditions of his community supervision. *Jenkins v. State*, 740 S.W.2d 435, 437 (Tex.Crim.App.1983); *Smith v. State*, 790 S.W.2d 366, 367 (Tex.App.-

---

1. Appellant's community supervision was conditioned on requirements, among other things, that he (1) commit no offense against the law (condition one); (2) pay $40 a month in community-supervision fees (condition 12); (3) pay $283 in court costs in installments of $10 a month, plus an additional $25, if the court costs, fine, and restitution were not paid within 30 days of the judgment (condition 13); (4) pay $140 as restitution to the victim in installments of $10 a month (condition 15); (5) pay $880 to reimburse the county for attorney's fees, in installments of $10 a month (condition 16); (6) by September 9, 2002, pay $25 to the Crime Stoppers Program (condition 16A); (7) participate in a drug-screening

program designed to detect controlled substances (condition 19); and (8) attend and complete a drug-education program pursuant to Transportation Code, section 521.374 (condition 28).

2. Section 521.374 provides that "[a] person whose license is suspended under 521.372 may attend an educational program, approved by the Texas Commission of Alcohol and Drug Abuse under rules adopted by the commission and the department, that is designed to educate persons on the dangers of drug abuse." TEX. TRANSP. CODE ANN. § 521.374 (Vernon 1999).

Houston [1st Dist.] 1990, pet. ref'd). This standard is met when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision, as the State alleged. *Jenkins,* 740 S.W.2d at 437 (citing *Martin v. State,* 623 S.W.2d 391, 393 n. 5 (Tex.Crim.App.1981)). We must examine the evidence in the light most favorable to the trial court's order. *Garrett v. State,* 619 S.W.2d 172, 174 (Tex. Crim.App.1981) (citing *Fernandez v. State,* 564 S.W.2d 771 (Tex.Crim.App.1978)); *Galvan v. State,* 846 S.W.2d 161, 162 (Tex. App.-Houston [1st Dist.] 1993, no pet.); *Jones v. State,* 787 S.W.2d 96, 97 (Tex. App.-Houston [1st Dist.] 1990, pet. ref'd). When the State has failed to meet its burden of proof, the trial court abuses its discretion by revoking community supervision. *Cardona,* 665 S.W.2d at 493–94. To support the court's order to revoke community supervision, the State need only establish one sufficient ground for revocation. *Moore v. State,* 605 S.W.2d 924, 926 (Tex.Crim.App.1980).

 When the same trial court presides over both the revocation hearing and the trial of the offense that is the basis for revocation, the trial court can take judicial notice of the evidence introduced in that prior proceeding. *Barrientez v. State,* 500 S.W.2d 474, 475 (Tex.Crim.App.1973); *see Vaughn v. State,* 608 S.W.2d 237, 238 (Tex. Crim.App.1980). In a revocation hearing, the trial court is the sole trier of the facts. *Jones,* 787 S.W.2d at 97. The trial court weighs the credibility of the witnesses from that prior proceeding and determines whether the allegations in the motion to revoke are true or not. *Garrett,* 619 S.W.2d at 174. Although a jury may not have found defendant guilty beyond a reasonable doubt in the prior trial, it is not constitutional error for the trial court to revoke community supervision based upon the same evidence presented in the prior trial because the standard of proof at a revocation hearing is proof by a preponderance, rather than proof beyond a reasonable doubt. *Bradley,* 608 S.W.2d at 656; *see Haile v. State,* 556 S.W.2d 818, 820 (Tex.Crim.App.1977). The application of the *Barrientez* rule is not a denial of the right to confront and to cross-examine witnesses. *Barrientez,* 500 S.W.2d at 475; *see Bradley,* 608 S.W.2d at 656; *Stephenson v. State,* 500 S.W.2d 855, 857 (Tex. Crim.App.1973).

### Revocation of Community Supervision

In 10 points of error, appellant argues that the trial court abused its discretion by granting the motion to revoke community supervision in his cocaine case. In 15 points of error, appellant argues that the trial court abused its discretion by granting the motion to revoke community supervision in his firearm case.

### A. Due Process

 In his first and second points of error in both cases, appellant contends that the trial court denied him due process of law in the revocation hearing by not allowing him to confront and to cross-examine his accusers regarding State's allegation 1A (felon in possession of a firearm) and 1B (murder) because the trial court took judicial notice of the testimony and evidence in appellant's murder trial.

 Appellant contends that "[t]he trial court did not notify Appellant that [it] was deciding the revocation during a jury trial denying Appellant an opportunity to defend himself." Although he had a opportunity to cross-examine witnesses in the murder trial, appellant argues that he presented a defense customized for the jury in that case, without having had the opportunity to consider the trial court as a fact finder. However, it is not an abuse of

discretion by the trial court in a revocation proceeding to admit, to hear, and to reconsider testimony that the court has heard during a murder trial. *See Bradley*, 608 S.W.2d at 656; *Haile*, 556 S.W.2d at 820; *Stephenson*, 500 S.W.2d at 857. Moreover, the court's doing so does not violate a defendant's constitutional right to confront and to cross-examine witnesses or due process of law. *See Barrientez*, 500 S.W.2d at 475; *see also Haile*, 556 S.W.2d at 820.

In the present case, the same trial court that presided at the murder trial heard the motions to revoke community supervision. It was within the province of the trial court to take judicial notice of the evidence from these prior proceedings and appellant's constitutional right's were not violated thereby. *See Barrientez*, 500 S.W.2d at 475; *see also Haile*, 556 S.W.2d at 820. Therefore, we hold that appellant was not denied due process of law or his right to confront and to cross-examine witnesses by the trial court's taking such judicial notice.

We overrule appellant's first and second points of error in appellant's cocaine and his firearm cases.

## B. Legal Sufficiency

■ In the remaining eight points of error in his cocaine case and the remaining 13 points of error in his firearm case, appellant asserts that the evidence was legally insufficient to establish that (1) he was the person who committed the offenses of unlawful possession of a firearm by a felon or murder; (2) he failed to make certain payments required by the conditions of his community supervision; and (3) he failed to attend and to complete a drug-education program successfully, as required by the conditions of his community supervision.

Appellant contends that the evidence was legally insufficient to sustain the court's finding of "true" that he was the person who committed the offenses of unlawful possession of a firearm by a felon and murder. Appellant thus attacks the sufficiency of the evidence proving his identity.

To prove murder, the State had to show that appellant intentionally or knowingly caused the death of an individual. *See* TEX. PEN.CODE ANN. § 19.02(b)(1) (Vernon 2003). To establish that appellant unlawfully possessed a firearm, the State had to prove that appellant was a convicted felon who possessed a firearm before the fifth anniversary of his release from community supervision. *See* TEX. PEN.CODE ANN. § 46.04(a)(1).

Viewed in the light most favorable to the trial court's decision, the evidence shows that appellant was the person who murdered Holt and possessed the firearm. Hynson testified that appellant leaned in the door, pointed a gun through the window, waved the gun around in the car, and shot Holt. Hynson testified that he had known appellant for eight years and that, when the shooter spoke, Hynson recognized the voice as appellant's. Ballard also identified appellant as the person who shot Holt. Tezno testified that, after the shooting, he had seen Holt and appellant scuffling in the street. Hynson, Ballard, Tezno, and Officer Sedgwick heard Holt identify appellant as the person who shot him. Benefield gave Officer Hall a gun wrapped in a white towel and told Officer Hall that appellant had given him the gun. The gun was later identified by Story as the murder weapon used to kill Holt. Although the jury apparently did not believe that the evidence was sufficient to find appellant guilty beyond a reasonable doubt, the trial court could have found that the State proved by a preponderance of the evidence that appellant committed murder with a firearm, thus violating the terms

and conditions of his community supervision. *See Bradley,* 608 S.W.2d at 656. Therefore, we hold that the evidence is legally sufficient for a trial court to have concluded by a preponderance of the evidence that appellant was the murderer and the possessor of the firearm. *See Vaughn,* 608 S.W.2d at 238; *Bradley,* 608 S.W.2d at 656; *Haile,* 556 S.W.2d at 820.

We overrule appellant's third and fourth points of error in his cocaine and firearm cases.

Appellant also contends that the evidence was legally insufficient to support a finding of "true" that he failed to pay a community-supervision fee (allegation 12), court costs (allegation 13), restitution (allegation 15), reimbursement for his appointed attorney (allegation 16), or Crime Stoppers's program payment (allegation 16A) and that he failed to complete a drug-education program because the State offered no evidence to support the allegations. As noted above, the State need only establish one sufficient ground for revocation in order to support the court's order to revoke community supervision. *See Moore v. State,* 605 S.W.2d 924, 926 (Tex. Crim.App.1980).

Thus, appellant's fifth through tenth points of error of his cocaine case and his fifth through fifteen points of error of his firearm case need not be addressed to affirm the trial court's rulings.

### Conclusion

We affirm the judgments of the trial court.