In The
Court of Appeals
For The
First District of Texas




NO. 01-07-01121-CR




JOHNNY RAY DEMEASE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 1095731


 


 
MEMORANDUM OPINION
          Appellant, Johnny Ray Demease, appeals from the trial court’s judgment that
revokes his deferred adjudication and sentences him to eight years’ imprisonment and
a $500 fine. In two issues on appeal, appellant contends that the trial court abused its
discretion in adjudicating his guilt. We affirm.
Background
          On March 29, 2007, appellant pled guilty to a charge of possession with intent
to deliver more than 28 and less than 200 grams of codeine, and the trial court
sentenced him to three years’ deferred adjudication pursuant to a plea agreement. On
October 11, 2007, the State filed a motion to adjudicate appellant’s guilt, alleging that
appellant violated the terms of his probation by unlawfully possessing with intent to
deliver an illegal compound containing codeine; failing to complete a 15-hour Texas
Drug Offender Education Program by the required date of September 29, 2007;
failing to perform his community service hours at the court-ordered rate; and failing
to pay the court-ordered laboratory processing fee. After a hearing, the trial court
found all four allegations true, found appellant guilty as originally charged, and
sentenced appellant to eight years’ imprisonment and a $500 fine. Adjudication of Guilt
          In two points of error, appellant contends that the trial court abused its
discretion in adjudicating his guilt because (1) the evidence was insufficient to
establish that appellant possessed codeine as alleged in the State’s motion to
adjudicate guilt and (2) the evidence was insufficient to establish that appellant failed
to complete the required drug offender education program as alleged in the motion
to adjudicate. 
Standard of Review
          Although a trial court’s determination to adjudicate guilt was formerly not
appealable, a defendant on deferred adjudication may now appeal the trial court’s
determination to adjudicate in the same manner as a defendant whose standard
community supervision has been revoked. See Tex. Code Crim. Proc. Ann. art.
42.12, § 5(b) (Vernon Supp. 2008) (“This determination is reviewable in the same
manner as a revocation hearing conducted under Section 21 of this article in a case
in which an adjudication of guilt had not been deferred.”). We therefore apply the
same standard of review we would employ in the case of a revocation of community
supervision under Article 42.12, Section 21 of the Code of Criminal Procedure.
          We review a trial court’s order adjudicating guilt for abuse of discretion. Akbar
v. State, 190 S.W.3d 119, 122 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing
Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)) (discussing
revocation of community supervision). The hearing is not a criminal trial; it is an
administrative hearing. Akbar, 190 S.W.3d at 122 (citing Bradley v. State, 608
S.W.2d 652, 656 (Tex. Crim. App. 1980)). Hence, no jury is required, and the
standard of proof needed to show the truth of an allegation is less than that in a
criminal trial. Akbar, 190 S.W.3d at 122 (citing Scamardo v. State, 517 S.W.2d 293,
297 (Tex. Crim. App. 1974)). 
          The State must prove by a preponderance of the evidence that the defendant
violated the terms and conditions of his community supervision. Akbar, 190 S.W.3d
at 122 (citing Jenkins v. State, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983),
overruled on other grounds by Saxton v. State, 804 S.W.2d 910, 912, n. 3 (Tex. Crim.
App. 1991)). This standard is met when the greater weight of the credible evidence
creates a reasonable belief that the defendant violated a condition of his community
supervision, as the State alleged. Akbar, 190 S.W.3d at 123 (citing Jenkins, 740
S.W.2d at 437). We must examine the evidence in the light most favorable to the trial
court’s order. Akbar, 190 S.W.3d at 123 (citing Garrett v. State, 619 S.W.2d 172,
174 (Tex. Crim. App. 1981)). When the State has failed to meet its burden of proof,
the trial court abuses its discretion by adjudicating guilt. Akbar, 190 S.W.3d at 123
(citing Cardona, 665 S.W.2d at 493-94). To support the court’s order adjudicating
guilt, the State need only establish one sufficient ground for revocation. Akbar, 190
S.W.3d at 123 (citing Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980));
Smith v. State, 790 S.W.2d 366, 367 (Tex. App.—Houston [1st Dist.] 1990, pet. ref’d)
(“An order revoking probation is sufficient if the State proves one violation of the
probation conditions.”). 
 
Drug Offender Education Program
          Appellant concedes, and the evidence shows,


 that he did not complete the
Texas Drug Offender Education Program before the required date of September 29,
2007. Nevertheless, appellant contends that the trial court abused its discretion
because no evidence was introduced at the hearing establishing “that appellant was
ordered to participate in or complete the program by a particular date.” If the
judgment and order of probation appear in the appellate record, as they do in this
case, there is no requirement that the trial court judicially notice or the State prove the
conviction and the terms of probation. Cobb v. State, 851 S.W.2d 871, 873-74 (Tex.
Crim. App. 1993). The State need only prove the identity of the probationer and that
he or she violated the terms of the order of probation. Id. at 874. Appellant presents
no challenge to the evidence of his identity, and he does not dispute that he failed to
complete the program by the required date. Moreover, appellant acknowledges that
we are bound to follow Cobb, stating that he plans to file a petition for review to
request that the Court of Criminal Appeals reconsider Cobb.
          We conclude that the evidence established that appellant failed to complete the
Texas Drug Offender Education Program before the required date and overrule
appellant’s second point of error. Because the State need only establish one sufficient
ground for revocation to support the trial court’s order adjudicating guilt, we do not
reach appellant’s first point of error. See Akbar, 190 S.W.3d at 123; Moore, 605
S.W.2d at 926; Smith, 790 S.W.2d at 367.


 
          We conclude that the trial court did not abuse its discretion in adjudicating
appellant’s guilt.Conclusion 
          We affirm the judgment of the trial court.

 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Hanks.
Do not publish. Tex. R. App. P. 47.2(b)