Opinion issued May 28, 2009


 






In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00033-CR






DAVID GENE KING, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 185th District Court

Harris County, Texas

Trial Court Cause No. 1023076






MEMORANDUM OPINION


 Appellant, David Gene King, was charged with the felony offense of injury to
a child. (1) The trial court sentenced appellant to 10 years' community supervision and
a $500 fine. The State later alleged that appellant violated the conditions of his
community supervision and filed a motion with the trial court to adjudicate guilt.
Upon the State's motion to adjudicate guilt, the trial court ruled that appellant
violated some of these conditions and sentenced him to four years in prison. In his
sole point of error, appellant argues that the trial court abused its discretion in
adjudicating guilt because the State failed to prove the allegations in its motion to
adjudicate by a preponderance of the evidence. 

 We affirm.

Background

 On April 12, 2005, appellant pled guilty to injury of a child. Based on a plea
bargain struck between appellant and the State, the trial court sentenced appellant to
10 years' community supervision and a $500 fine. The trial court also ordered
appellant to "abide by the following Conditions of Community Supervision," 
including in relevant part:

 12.1 Pay a Supervision fee at the rate of $40.00 per month for the
duration of your community supervision beginning May 12, 2005
to HCCS&CD.


 12.2 Pay a fine of $500.00 and court costs of $188.00 at the rate of
$8.00 per month beginning May 12, 2005 to HCCS&CD.


 12.3 Pay laboratory fees of $15.00 per month for the duration of your
community supervision beginning May 12, 2005 through
HCCS&CD. 


 . . . . 


 12.8 Pay $5.00 per month to the Sex Assault Program for the duration
of your community supervision beginning May 12, 2005 through
HCCS&CD. 


 . . . . 


 16 Participate in Sex Offender Treatment Evaluation beginning June
12, 2005. Attend treatment and aftercare with a State of Texas
registered Sex Offender Provider as recommended. Comply with
all program rules, regulations, and guidelines until successfully
discharged or released by further order by the Court. On each
reporting date, submit written verification on your enrollment,
attendance and/or successful completion of the program to your
community supervision officer, to be retained in HCCS&CD's
file. 


 . . . . 


 20 You are to have no contact with any minor under the age of
seventeen (17) beginning September 1, 2005 for any reason
except as specifically permitted by the Court.


 On September 28, 2007, the State filed a motion to adjudicate guilt, alleging
that appellant had violated conditions 12.1, 12.2, 12.3, 12.8, 16, and 20 of his
community supervision. On January 4, 2008, the trial court convened a hearing on
the State's motion to adjudicate guilt.At the motion hearing, Keri Porter, appellant's community supervision officer,
testified that appellant had been unsuccessfully discharged from two sex offender
treatment programs. Porter testified that the first sex offender treatment program had
a policy requiring participants to admit responsibility for a sexual offense against a
child. Porter testified that appellant's discharge papers showed that appellant
repeatedly refused to admit any responsibility for a sexual offense against a child. 
Porter testified that appellant was discharged from the first sex offender treatment
program in August 2005.

Porter testified that, following his unsuccessful discharge from the first
treatment program, appellant attended a second sex offender treatment program. 
Porter testified that she received monthly progress reports regarding appellant's
performance. Porter testified that some of the monthly progress reports stated that
appellant's participation "needed improvement," while others stated that his
participation was "satisfactory" and "good." The reports also stated that appellant
was late to two sessions and did not have his homework on one occasion. 

Porter further testified that the second treatment provider had a policy that it
could discharge a participant from the program for failing a certain number of
polygraph examinations. Porter testified that the treatment provider informed
appellant that he would be terminated from the program because he failed three
polygraph examinations. Porter testified that appellant was discharged from the
second sex offender treatment program in September 2007. Porter also testified that
appellant told her that he had lied during a polygraph examination because he was
afraid to admit having had telephone contact with his minor children. 

Michael Boyd, a polygraph examiner contracted by the Harris County
probation department, testified that he had administered a polygraph examination to
appellant on May 3, 2007 and had conducted a post-test interview. Boyd testified
that, during the post-test interview, appellant stated that he had called his wife, who
had then allowed their minor children to talk to appellant. Boyd also testified that
appellant told him that, after December 2006, he talked to his minor children
frequently. 

At the conclusion of the motion hearing on January 11, 2008, the trial court
granted the State's motion and made the following findings: 1) appellant was
unsuccessfully discharged from the first sex offender treatment program; 2) appellant
was unsuccessfully discharged from the second sex offender treatment program; and
3) appellant violated the court's no-contact provision by having contact with his
minor children. The trial court imposed a sentence of four years' imprisonment on
appellant. Appellant gave notice of appeal. 

Motion to Adjudicate GuiltIn his sole point of error, appellant argues that the trial court abused its
discretion in adjudicating guilt because the State failed to prove the allegations in its
motion to adjudicate by a preponderance of the evidence. 

Standard of Review

We review a decision to adjudicate guilt "in the same manner" as we review
a decision to revoke community supervision or probation. Tex. Code Crim. Proc.
Ann. art 42.12 § 5(b) (Vernon Supp. 2008). We review a trial court's order revoking
community supervision for abuse of discretion. Akbar v. State, 190 S.W.3d 119, 122
(Tex. App.--Houston [1st Dist.] 2005, no pet.) (citing Cardona v. State, 665 S.W.2d
492, 493 (Tex. Crim. App. 1984)). 

Revocation Hearing

A revocation hearing is not a criminal trial; it is an administrative hearing. 
Akbar, 190 S.W.3d at 122 (citing Bradley v. State, 608 S.W.2d 652, 656 (Tex. Crim.
App. 1980)). The trial court is the sole trier of fact. Id. The State must prove by a
preponderance of the evidence that the person on community supervision violated the
terms and conditions of his community supervision. Id. (citing Jenkins v. State, 740
S.W.2d 435, 437 (Tex. Crim. App. 1983)). This standard is met when the greater
weight of the credible evidence creates a reasonable belief that the defendant violated
a condition of his community supervision, as the State alleged. Id. at 123. We
examine the evidence in the light most favorable to the trial court's order. Id. (citing
Martin v. State, 623 S.W.2d 172, 174 (Tex. Crim. App. 1981)). To support the
court's order to revoke community supervision, the State need establish only one
sufficient ground for revocation. Id. (citing Moore v.State, 605 S.W.2d 924, 926
(Tex. Crim. App. 1980)).

Contact with Minors

Here, the State alleged that appellant violated condition 20 of his community
supervision order, forbidding him from making "contact with any minor under the age
of seventeen (17) beginning September 1, 2005 for any reason except as specifically
permitted by the Court." The State presented testimony from Michael Boyd, a
polygraph examiner contracted by the Harris County probation department, who
testified that he conducted a post-test interview with appellant on May 3, 2007. Boyd
testified that appellant admitted that he had talked to his minor children on the
telephone after Keri Porter, appellant's community supervision officer, told appellant
that he could not talk with his minor children. The State also presented testimony
from Keri Porter, appellant's community supervision officer, who testified that
appellant told her that he had lied during a polygraph examination because he was
afraid to admit having had telephone contact with his minor children. 

The trial court made a ruling that appellant violated the court's no-contact
provision by having contact with his minor children. Viewing the evidence in the
light most favorable to the trial court's order, we cannot say that the trial court abused
its discretion in ruling that appellant violated this condition of his community
supervision. Tex. Code Crim. Proc. Ann. art 42.12 § 5(b); Akbar, 190 S.W.3d at
122-23. Because the State need only establish one sufficient ground for revocation
in order to support the trial court's order, we need not reach appellant's other
arguments. Akbar, 190 S.W.3d at 123. (2)










Conclusion

We affirm the judgment of the trial court.




 Evelyn V. Keyes

 Justice



 Panel consists of Justices Jennings, Keyes, and Higley.

 Do not publish. Tex. R. App. P. 47.4.

1. [1] See Tex. Penal Code Ann. § 22.04(a)(3) (Vernon 2007).
2. Appellant argues that the trial court erred in admitting Porter's testimony because the
testimony was based on appellant's probation file, which contained written reports
from the sex offender treatment programs regarding appellant's performance. The
probation file was never admitted into evidence, and it is not clear that the trial court
considered an inadmissible portion of the probation file. Moreover, appellant failed
to make a timely objection to the admission of the file and did not obtain a ruling on
a hearsay objection. Therefore, appellant did not preserve his objection. See Tex. R.
App. P. 33.1; Moore v. State, 935 S.W.2d 124, 130 (Tex. Crim. App. 1996).