Affirmed and Memorandum Opinion filed May 26, 2011.



 



 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00680-CR



 

Joseph Latigue, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 252nd
District Court

Jefferson County, Texas

Trial Court Cause No. 09-07877



 

MEMORANDUM  OPINION

 

Appellant
entered a plea of guilty to aggravated robbery.  Pursuant to a plea bargain
with the State, the trial court deferred adjudication and placed appellant on probation
for ten years.  The State subsequently filed a motion to adjudicate and to
revoke appellant’s probation.  The trial court adjudicated appellant’s guilt
and sentenced him to confinement for 99 years in the Institutional Division of
the Texas Department of Criminal Justice.  In two issues appellant contends (1)
his pleas of true were not knowing and voluntary and (2) the evidence is insufficient
to support his conviction.  We affirm.

Background

On
November 19, 2009, appellant was indicted for the offense of aggravated
robbery.  On April 26, 2010, appellant entered a plea of guilty, and, pursuant
to a plea bargain with the State, was placed on ten years’ deferred
adjudication probation.  On June 30, 2010, the State filed a motion to
adjudicate appellant’s probation on the grounds that he violated several terms
and conditions of his probation.  Specifically, the State alleged appellant
committed the offenses of aggravated robbery (count 1), deadly conduct (count
2), assault (count 3), and disorderly conduct (count 4).  The State further
alleged that appellant violated his curfew (count 5), failed to provide
verification of attendance at a drug program (count 6), and failed to pay court-assessed
fees (count 7).  At the beginning of the hearing on the motion to adjudicate,
the State abandoned counts 2, 6, and 7 and proceeded on counts 1, 3, 4, and 5. 
Appellant entered pleas of not true to counts 1, 3, and 4 and pleas of true to
counts 5, 6, and 7.  At the conclusion of the hearing, the trial court found
counts 1, 3, 4, 5, and 6 to be true, adjudicated appellant’s guilt, and
assessed punishment.  

Standard of Review

We
review a trial court’s order adjudicating guilt for abuse of discretion.  Akbar
v. State, 190 S.W.3d 119, 122 (Tex. App.—Houston [1st Dist.] 2005, no pet.)
(citing Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)).  The
hearing is not a criminal trial; it is an administrative hearing.  Akbar,
190 S.W.3d at 122 (citing Bradley v. State, 608 S.W.2d 652, 656 (Tex. Crim.
App. 1980)).  In conducting our review, we consider all the evidence in the
light most favorable to the trial court’s finding to determine whether the
trial court could have reasonably found that appellant violated the terms and
conditions of his probation by a preponderance of the evidence.  Rickels v.
State, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006).  The State satisfies
its burden of proof when the greater weight of credible evidence before the
court creates a reasonable belief that it is more probable that the defendant
has violated a condition of probation.  Id.; Joseph v. State, 3
S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.).  Proof of any
one of the alleged violations is sufficient to support a revocation of probation. 
Moore v. State, 11 S.W.3d 495, 498 (Tex. App.—Houston [14th Dist.] 2000,
no pet.).  

Voluntariness of Pleas of True

In his
first issue, appellant contends his pleas of true to counts 5, 6, and 7 were
not knowing and voluntary because the trial court did not inform him of the
direct consequences of his pleas.  Appellant has no right to admonishments prior
to pleading true in a probation revocation proceeding. Gutierrez v. State,
108 S.W.3d 304, 309–10 (Tex. Crim. App. 2003) (statute requiring certain
admonishments be given prior to acceptance of guilty pleas inapplicable in probation
revocation proceedings).  Appellant’s argument that his plea was involuntary
because he was not properly admonished is without merit.  We overrule
appellant’s first issue.

Sufficiency of Evidence

In his
second issue, appellant contends the trial court erred in adjudicating his
guilt because there was no evidence of count 6, nor was there evidence that he
was the person placed on deferred adjudication probation.  Appellant admitted
he violated curfew and failed to pay court costs and fees.  Those admissions
alone are sufficient to support an adjudication of guilt.  See Cordona v.
State, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984).  Further, appellant
has not challenged the trial court’s findings of true to counts 1, 3, 4, and 5.

With
regard to proof that appellant was the person placed on deferred adjudication
probation, appellant testified at the hearing on the motion to adjudicate, and
admitted that he was the defendant charged in this case.  Because appellant
admitted he was the person charged and admitted to violations of his deferred
adjudication probation, the trial court did not abuse its discretion in
adjudicating appellant’s guilt.  We overrule appellant’s second issue.

 

            The
judgment of the trial court is affirmed.

 

 

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Frost,
Jamison, and McCally.

Do
Not Publish — Tex. R. App. P. 47.2(b).