COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 REYNALDO JESUS ADAMS,
  
                            
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                            
 Appellee.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-10-00345-CR
  
 Appeal from the
  
 120th
 District Court 
  
 of El
 Paso County, Texas
  
 (TC#20030D05596)
  
 
 


 

                                                                  O
P I N I O N

Appellant, Reynaldo Jesus Adams appeals from
a judgment revoking his community supervision. 
We affirm.

                                                               BACKGROUND








On March 17, 2004, pursuant to a plea
bargain, Appellant pleaded guilty to the offense of retaliation.  The trial court placed Appellant on seven years’
deferred adjudication community supervision, and imposed a $500 fine, of which
$100 was probated.[1]  In May 2007, the State filed a motion to adjudicate
guilt.  In June 2007, the trial court modified
the terms and conditions of Appellant’s community supervision and extended his
probation by an additional three years.  Subsequently,
the State again filed a motion to adjudicate alleging in part that Appellant
violated the conditions of his community supervision by committing the offense
of unlawful possession of a controlled substance, cocaine in an amount less
than a gram.

The same trial judge who presided over
Appellant’s jury trial for the possession case also heard the State’s amended
motion to adjudicate.  As support for the
allegations in its amended motion to adjudicate, the State offered testimony from
Appellant’s probation officer, who testified that Appellant was arrested for
possession of cocaine under one gram on March 19, 2010.  The probation officer also testified that
Appellant had failed to pay the $60 monthly supervision fee for August 2010,
and had only paid $20 towards his $500 fine, and $30.60 towards his court costs.  Both Appellant’s arrest on March 19, 2010, and
his failure to pay the required supervision fees violated the terms of his
community supervision.

            At the State’s
request, the trial court took judicial notice of the judgment entered against
Appellant in cause number 20100D01531.  The
State explained that Appellant was found guilty by a jury for possession of a
controlled substance, was sentenced to eighteen months state jail for that
offense, and was assessed a $5,000 fine.  At Appellant’s request, the trial court
noted that Appellant’s conviction was on appeal.  The trial court expressly stated that “having
heard the evidence in that case” and having heard all the evidence on
revocation, Appellant was “[not] a good candidate for probation.”  At the close of evidence, the court made an
affirmative finding that Appellant committed the offense of unlawful possession
of a controlled substance in violation of condition “a” of the terms and
conditions of his community supervision.[2]

During the punishment stage of trial,
Appellant testified that he had been found guilty of possession of cocaine
under one gram, but denied possession.  Some
of the testimony surrounding the facts of the possession case were presented to
the trial court at the revocation hearing. Appellant admitted during the
revocation hearing that he was delinquent in his probation fees in the amount
of $3,000 and agreed that he had only paid $30.60 toward his court costs.  

            The trial court revoked
Appellant’s community supervision, entered an adjudication of guilt, and imposed
a two-year sentence.  This appeal
followed.  

DISCUSSION 

Revocation
of Community Supervision

In a single issue on appeal, Appellant argues that the trial court
abused its discretion when it revoked his community supervision because the
evidence is insufficient to prove that he committed the offense of possession
of a controlled substance.

Standard of Review

We review a trial court’s decision to revoke community supervision
for an abuse of discretion.  Rickels v. State, 202 S.W.3d 759, 763
(Tex. Crim. App. 2006).  The State must
show the alleged violations of the trial court’s order by a preponderance of
the evidence.  Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). There is
a preponderance of the evidence if the greater weight of the credible evidence
creates a reasonable belief that the defendant has violated a condition of his community
supervision.  Rickels, 202 S.W.3d at 763-64.  On appeal, we view evidence presented at
the revocation hearing in a light most favorable to the trial court’s
ruling.  Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.]
1981); Martinez v. State, 130 S.W.3d
95, 97 (Tex. App. – El Paso 2003, no pet.). 
When more than one violation of the conditions of community supervision
is found by the trial court, the revocation order must be affirmed if a single
ground supports the trial court’s order. 
Moore v. State, 605 S.W.2d
924, 926 (Tex. Crim. App. 1980).

Citing to Barrientez v. State, Appellant
contends that his conviction for possession of cocaine under one gram is on
appeal and therefore, cannot be the basis of the revocation.[3]  500 S.W.2d 474 (Tex. Crim. App. 1973). 
However, in Barrientez, the
Court of Criminal Appeals held that when the language of the motion and the
order is to the effect that the accused committed the offense, the basis for
the revocation of probation is not the conviction, but the commission of the
offense.  Id. at 475.

Here, the State’s amended motion to adjudicate
alleged Appellant “did then and there, unlawfully, commit the offense of
[u]nlawful [p]ossession of a [c]ontrolled [s]ubstance PG 1 < 1G, in
violation of condition ‘a.’ of the terms and conditions of his community
supervision.” Furthermore, the adjudication order states that Appellant “was
previously convicted of a felony offense” and that he “violated the conditions
of community supervision as set out in the State’s original motion to revoke
community supervision . . . .”  Therefore, the
record shows that the State sought to allege and prove that Appellant committed
the offense, not that he had been convicted of the offense.  See
Barrientez, 500 S.W.2d at 475.

Appellant also argues the State failed to introduce any evidence
other than the judgment and the testimony of Appellant’s probation officer to
prove that Appellant committed the offense of possession of a controlled
substance and as such the evidence was insufficient to allow the revocation of
his probation.  Although the State asked
the trial court to take judicial notice of the judgment, the trial court
inferentially announced that it took notice of the evidence presented during
Appellant’s possession trial.  See Akbar v. State, 190 S.W.3d 119, 123
(Tex. App. – Houston [1st Dist.] 2005, no pet.) (when the same trial court
presides over both the revocation hearing and the trial of the underlying
offense that is the basis for the State’s motion, the trial court can take
judicial notice of the evidence adduced at the trial); Kubosh v. State, 241 S.W.3d 60, 66-67 (Tex. Crim. App. 2007)
(judicial notice by the trial court can be inferred from its actions); see also Lighteard v. State, No.
04-09-00021-CR, 2010 WL 1997723, at *2 (Tex. App. – San Antonio May 19, 2010,
no pet.) (holding that even where State asked for judicial notice of
conviction, the trial court inferred it was taking notice of the evidence and
not the conviction where it found “sufficient evidence to support and grant the
State’s motion”).

Here, it is apparent that the trial court inferentially took
judicial notice of the evidence adduced at the possession trial, as opposed to
the judgment in the case.  The trial
court reminded Appellant that she tried his possession case, and stated that “having
heard the evidence in that case and having considered all of the evidence that
I’ve heard here this afternoon, I do not believe that Mr. Adams is a good
candidate for probation . . . [a]nd so, based on all of the evidence that I
have heard . . . I am making a finding that [the allegations] are true.”  See Akbar,
190 S.W.3d at 123; Kubosh, 241 S.W.3d
at 66-67; Lighteard, 2010 WL 1997723,
at *2.  Because the State sought to prove
the commission of the offense of possession and not just the conviction and
because the trial court took judicial notice of the evidence and not the
judgment in the possession case over which she presided, we conclude the trial
court did not err in finding that Appellant had committed the offense of
possession of a controlled substance and in revoking Appellant’s community
supervision.  See Akbar, 190 S.W.3d at 123; Kubosh,
241 S.W.3d at 66-67; Lighteard, 2010
WL 1997723, at *2.  Barrientez, 500 S.W.2d at 475.

Even assuming the trial court only took judicial notice of the
judgment and not the evidence in Appellant’s possession trial, we find no abuse
of discretion on the part of the trial court. 
The record shows not only that Appellant’s probation officer testified
that Appellant violated the terms and conditions of his probation by failing to
pay the supervision fee in August 2010, but that Appellant agreed in court that
he was delinquent in paying his probation fees in an amount of $3,000.  The trial court made a finding of true that
Appellant failed to pay his $60 supervision fee in violation of “I-1A” of the
terms and conditions of his community supervision.  Thus, in addition to the evidence judicially
noticed by the trial court there was other evidence establishing Appellant
violated the terms and conditions of his community supervision by failing to
pay various fees associated with his community supervision.  Proof of Appellant’s failure to pay his
supervision fee in August 2010 supports the trial court’s revocation of
Appellant’s community supervision.  Moore, 605 S.W.2d at 926.  Finding no abuse of discretion in the revocation of Appellant’s community
supervision, we overrule Appellant’s sole issue.[4]

CONCLUSION

The trial court’s judgment is affirmed.

 

                                                                        GUADALUPE
RIVERA, Justice

July 25, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.

 

(Do Not Publish)

 











[1]
This sentence was to run concurrently with cause number 20040D01036 in which
Appellant entered a guilty plea to the offense of aggravated robbery.





[2]
Condition “a” provided in part that Appellant commit no offense against the
laws of this state.





[3]
Appellant appealed from his possession conviction in appellate court cause No.
08-10-00235-CR.  On this same day, we
issued an opinion affirming the conviction.





[4]
The State maintains that Appellant waived his insufficiency argument under the
residual holding of DeGarmo v. State,
691 S.W.2d 657, 660-61 (Tex. Crim. App.), cert.
denied, 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985).  However, because we find the evidence to be
sufficient, we need not address the State’s contention.