

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00337-CR
No. 07-17-00338-CR
No. 07-17-00339-CR
No. 07-17-00340-CR
No. 07-17-00341-CR
No. 07-17-00342-CR
No. 07-17-00343-CR
No. 07-17-00344-CR
No. 07-17-00345-CR
No. 07-17-00346-CR

JORGE LUIS CANO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 25,463-C Counts I-X, Honorable Ana Estevez, Presiding

July 30, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

In 2016, as part of a plea agreement with the State, appellant Jorge Luis Cano pled guilty to six counts of aggravated sexual assault of a child[1] and four counts of indecency with a child by contact.[2] In return for his pleas of guilty, the trial court placed appellant on deferred adjudication community supervision for a period of eight years. Appellant now appeals from the trial court's order adjudicating him guilty of the offenses, revoking his community supervision, and sentencing him to life imprisonment for each of the aggravated sexual assault offenses and twenty years for each of the indecency with a child offenses.[3]

## Background

The State filed its motion to revoke appellant's community supervision in 2017. At the hearing on the motion, the State presented evidence only on one alleged violation, by which it contended appellant violated his community supervision when he had contact with minors. After hearing evidence, the court found appellant violated the condition. It then held a punishment hearing after which it adjudicated appellant guilty of the offenses

---

[1] TEX. PENAL CODE ANN. § 22.021 (West 2018). Aggravated sexual assault of a child is a felony of the first degree, punishable by imprisonment for life or for any term of not more than ninety-nine years or less than five years and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.32 (West 2018).

[2] TEX. PENAL CODE ANN. § 21.11 (West 2018). Indecency with a child by contact is a felony of the second degree, punishable by imprisonment for any term of not more than twenty years or less than two years and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.33 (West 2018).

[3] The court ordered the sentences to be concurrent, with the exception of Count IV, which was ordered to run consecutive to the other sentences.

to which he previously had pled guilty, revoked his community supervision, and assessed punishment as noted.

Analysis

Issue One—Sufficiency of the Evidence to Support Revocation

Through his first issue, appellant argues the evidence supporting the trial court's finding that he violated condition #52 of the terms of his community supervision was insufficient.

We review an order revoking community supervision for abuse of discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Akbar v. State*, 190 S.W.3d 119, 122 (Tex. App.—Houston [1st Dist.] 2005, no pet.). The State must prove by a preponderance of the evidence that the person on community supervision violated a term of his supervision. *Rickels*, 202 S.W.3d at 763-64. When the sufficiency of the evidence is challenged, the evidence is viewed in a light most favorable to the trial court's findings. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). The State meets its burden when the "greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision." *Akbar*, 190 S.W.3d at 123.

Condition #52 of the terms of appellant's community supervision stated that he: "Be prohibited from initiating, maintaining, or establishing any contact with any person(s) age 17 or younger." The evidence of appellant's violation of the condition came through the testimony of appellant's community supervision officer and a counselor. Both

3

witnesses testified to admissions made by appellant, some in an individual therapy session and some during a group session later the same day. Appellant did not testify.

Appellant's community supervision officer, Kyle Merrill, testified he attended one of appellant's sex offender group meetings in early 2017. Merrill told the court that during the group's discussion, appellant "disclosed to the group" and to Merrill "that he had contact with minors" two weeks prior. Appellant told the group he was working at a car wash when he saw four unsupervised children. Merrill's testimony indicated appellant used the term "under-age" to describe the children. According to Merrill, appellant also made the statements that: he was "worried that [the children] were going to get hit by . . . vehicles driving through;" he spoke to a person believed to be the children's grandfather and told him the children needed to be watched; he "took it upon himself to go in the car wash with the kids, and said that he gave them a tour of the place and explained what all the parts did;" and he walked them "all the way through [the car wash] to the other side." Merrill told the court he thought appellant said he talked to the children for "approximately thirty minutes." During cross-examination, Merrill noted appellant did not provide exact ages for the children but that appellant "just said that he knew they were under the age of seventeen, that they were minors."

A counselor providing a local sex offender treatment program also testified. He told the court he attended the group therapy session during which appellant discussed the events at the car wash. He also told the court that appellant "made this disclosure twice. Earlier in the day during an individual session with another counselor, he discussed

4

this at length; and then later that evening, he made the disclosure."[4] He testified appellant "indicated that [the children] were, what he believed to be, under the age of ten; definitely not older teenagers, but young enough that he was concerned for their being unsupervised." The counselor did note that the "particular ages" of the children were not reflected. He also told the court appellant "seemed to have no—no problems discussing the matter."

The trial court was the sole judge of the credibility of the testimony of appellant's community supervision officer and the counselor and the weight to be given their respective testimony. *Callaway v. State*, No. 07-15-00228-CR, 2016 Tex. App. LEXIS 3218, at *3 (Tex. App.—Amarillo March 29, 2016, pet. ref'd) (mem. op., not designated for publication) (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). Appellant does not contend the trial court should not have believed the witnesses' testimony; he argues only that their testimony does not support a finding he violated the condition of his community supervision. We disagree. Given the applicable preponderance of the evidence standard, the trial court had before it sufficient credible evidence to create a reasonable belief that appellant initiated, maintained or established contact with person(s) age 17 or younger. Other courts also have found similar testimony sufficient to support revocation. *See, e.g., Luna v. State,* No. 04-00-00707-CR, 2001 Tex. App. LEXIS 6207, at *3 (Tex. App.—San Antonio Sep. 12, 2001, no pet.) (mem. op., not designated for publication) (finding sufficient for revocation testimony of probation officer

---

[4] The counselor's knowledge of appellant's admissions during the individual session apparently came from reviewing an "individual therapy note." There was no objection to this testimony.

that the defendant told him the first victim was "approximately 16 or 17" and the other was a "young man" and an "adolescent").

We overrule appellant's first issue.

Issue Two—Double Jeopardy

In his second issue, appellant contends he was subjected to double jeopardy, in violation of his Fifth Amendment rights, when the trial court punished him for multiple offenses arising out of the same conduct.[5]

In criminal case appeals, a court of appeals ordinarily should review preservation of error issues on its own motion because preservation of error is a "systemic requirement." *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) (citation omitted). Appellant's contention his prosecution violated his double jeopardy rights was not raised with the trial court. *See* TEX. R. APP. P. 33.1.

Because of the fundamental nature of double jeopardy protections, claims of their violation may be raised for the first time on appeal, but only under certain circumstances: when (1) the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and (2) the enforcement of the usual rules of procedural default serves no legitimate state interest. *Ex parte Denton*, 399 S.W.3d 540, 544 (Tex. Crim. App. 2013); *Gonzalez v. State*, 8 S.W.3d 640, 642-46 (Tex. Crim. App. 2000). A double jeopardy claim is apparent on the face of the trial record if its resolution does not require

---

[5] The Fifth Amendment guarantee against double jeopardy is enforceable against the states through the Fourteenth Amendment. *Brown v. Ohio,* 432 U.S. 161, 165 (1977). That guarantee protects against a second prosecution for the same offense after a conviction or an acquittal, and against multiple punishments for the same offense. *Id.*

6

further proceedings to receive additional evidence in support of the claim. *Denton*, 399 S.W.3d at 544.

In support of his claim, appellant points out three of the six counts of aggravated sexual assault alleged all three offenses occurred on or about the same date and alleged they were committed against the same victim. Those circumstances do not, on their face, present a clearly apparent double jeopardy violation. Without additional evidence, we could not determine whether the offenses arose from the same conduct. That the same "on or about" date is alleged for two offenses does not mean they were committed on the same occasion. *See Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997) (well settled that "on or about" indictment language allows the State to prove a date other than that alleged).

Nor does the naming of the same victim demonstrate, on its face, a double jeopardy violation. The three counts regarding offenses against the victim alleged different sexual acts separately criminalized by provisions of the Penal Code.[6] As an example, count I alleged penetration of the victim's mouth by appellant's sexual organ; count III alleged contact of the same victim's anus by appellant's sexual organ; and count V alleged contact of the same victim's sexual organ by appellant's sexual organ. "A person who commits more than one sexual act against the same person may be convicted and punished for each separate and discrete act, even if those acts were committed in

---

[6] *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(ii), (iii), (iv) (defining aggravated sexual assault to include described sexual acts with a child).

close temporal proximity."[7] *Aekins v. State*, 447 S.W.3d 270, 278 (Tex. Crim. App. 2014). Assuming it is possible for a double jeopardy violation to arise from appellant's prosecution under counts I, III, and V for discrete acts committed against the same victim, evidence beyond that apparent on the face of the record before us would be necessary to demonstrate the violation. *See Aekins*, 447 S.W.3d at 278-81 (analyzing double jeopardy violations in sexual offenses).

A similar analysis applies to appellant's contentions regarding the three other counts of aggravated sexual assault, counts II, IV, and VI, which alleged offenses occurring on or about the same date against a second victim. As with the other set of offenses, counts II, IV, and VI alleged discrete sexual acts prohibited by separate subsections of the aggravated sexual assault statute.

The appellate record in this case contains the clerk's record, which includes the judicial confession appellant signed in support of his plea of guilty to all ten offenses; it also contains the reporter's record of the guilty-plea proceeding and that of the revocation and sentencing hearings. The appellate record does not contain undisputed facts showing a double jeopardy violation clearly apparent on the face of the record. Because additional evidence would be necessary to establish the violation, this appeal does not

---

[7] The court continued, "The key is that one act ends before another act begins. The defendant might touch a child's breast; then he touches her genitals. Two separate acts, two separate impulses, two separate crimes." *Aekins*, 447 S.W.3d at 278 (footnote omitted).

meet the first of the two requirements by which a double jeopardy claim may be raised for the first time on appeal. *Denton*, 399 S.W.3d at 544.[8]

Appellant further contends that counts VII and VIII, allegations of indecency with a child involving sexual contact, give rise to double jeopardy violations because they involve the same victim and the same "on or about" date. Here again, the two counts allege sexual contact as defined in two separate Penal Code subsections, 21.11(c)(1) (count VII) and 21.11(c)(2) (count VIII). TEX. PENAL CODE ANN. § 21.11(c). No double jeopardy violation is apparent merely from the face of the indictment's allegations, and nothing in the appellate record makes the violation apparent, assuming such a violation could exist. *See Aekins*, 447 S.W.3d at 279-80.

As to the second requirement, we perceive no reason why this appeal would be exempt from the legitimate state interests inherent in our usual rules of procedural default. *See Gonzalez*, 8 S.W.3d at 645-46 (requiring defendant to raise multiple punishments claim in trial court serves legitimate state interests and is consistent with underlying policies of general rules of procedural default) (as to the nature of the legitimate state interests, quoting *Casey v. State*, 828 S.W.2d 214, 218 (Tex. App.—Amarillo 1992, no pet.).

---

[8] *See Gonzalez*, 8 S.W.3d at 644 (describing effect of plea of guilty to counts alleging, on their face, distinct offenses). *See also United States v. Broce*, 488 U.S. 563, 570 (1989) ("Just as a defendant who pleads guilty to a single count admits guilt to the specified offense, so too does a defendant who pleads guilty to two counts with facial allegations of distinct offenses concede that he has committed two separate crimes").

For these reasons, we find appellant's issue contending his double jeopardy rights have been violated may not be raised for the first time on appeal and thus presents nothing for our review.[9]  Accordingly, it is overruled.

Conclusion

Having resolved each of appellant's issues against him, we affirm the judgments of the trial court.


James T. Campbell
Justice

Do not publish.

---

[9] The State argues our review of appellant's second issue is precluded by application of the rule in *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999) ("a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed").  We do not address that argument.